## 54203. LEE v. WHITE TRUCK LINES, INC. et al.

WEBB, Judge.

This is an appeal from an order of the trial court dismissing the main appeal on motion of appellees. Appellant seeks reversal on the ground that the trial court in its original order dismissing the appeal did not state that the delay in filing the transcript and in transmitting the appeal to this court was caused by appellant and was both inexcusable and unreasonable, although the court did so specifically state in a nunc pro tunc order.

The original order stated: "The defendants' motion to dismiss having come on regularly to be heard and all parties having appeared through their attorneys, it is hereby ordered, adjudged and decreed that the defendants' motion be and the same is hereby sustained."

The nunc pro tunc order added the following: "In executing this order, this court finds, in accordance with the case of *Young v. Climatrol Southeast Distributing Corp.,* [237 Ga. 53 (226 SE2d 737) (1976)], that there has been an unreasonable delay in the filing of the transcript of evidence and proceedings and that the delay was inexcusable and was caused by the plaintiff."

It is appellant's contention that the Supreme Court in the *Young* case held that Code Ann. § 6-809 (b) requires the trial court to make a formal recitation in its order of the grounds found for dismissal, failing which an automatic reversal results, and that the nunc pro tunc order cannot be considered because it was entered after the notice of appeal was filed. But we do not think that *Young* goes to such an extreme. Code Ann. § 6-809 (b) provides that "the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party; and in like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to

the appellate court, and it is seen that such delay was inexcusable and. was caused by the failure of a party to pay costs in the trial court or file pauper's affidavit."

Thus it is seen that while this section sets forth the conditions upon which the trial court may dismiss an appeal for delay, it does not by its terms *require* the court to make a formal recitation of those conditions in its order. By way of comparison other statutes should be noted which *are* mandatory in terms with respect to such findings and grounds of decision. Thus CPA § 52 (a) (Code Ann. § 81A-152 (a)), (inapplicable here since this is a decision on motion) provides that "the court shall find the facts specially and state separately its conclusions of law thereon . . .; and in granting or refusing interlocutory injunction the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action." Other statutes are to the same effect. See, e.g., Juvenile Court Code § 24A-2201 (a) (". . . the court shall make and file its findings as to whether the child is a deprived child"); § 114-707 of the Workmen's Compensation Act ("the award, together with a statement of the findings of fact . . . shall be filed with the record"); § 3A-118 (b) of the Administrative Procedure Act ("a final decision shall include findings of fact and conclusions of law, separately stated. . . Findings of facts, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.")

We think that such explicit directions as to the inclusion of findings and grounds of decision are noteworthy because of their absence from § 6-809 (b), an absence made conspicuous by their presence in the above-noted statutes. We would conclude that no such requirement being stated in that section, the presumption should adhere as in other appeals that the judgment was correct, with the burden upon appellant to show otherwise to the reviewing court. The original order entered here is in the traditional style of orders on motions, and would appear adequate as a matter of common and usual practice in the absence of a statute explicitly requiring otherwise.

Given this background and the context in which *Young* was decided, we do not think that it stands for the proposition urged by appellant. That case was certified to the Supreme Court to settle a conflict as to whether even a short delay with respect to the transcript resulted in an automatic dismissal, as if it were a jurisdictional defect, or whether the delay must be "unreasonable" in fact as provided by § 6-809 (b). While the Supreme Court stated at one place in the opinion that "No finding was made that the two-day delay was unreasonable, and we therefore hold that it was error to dismiss the appeal," we believe that the statement does not relate to the absence of a specific recital in the order as the vitiating factor but rather to the trial court's apparent assumption that any delay at all, no matter how small, resulted in an automatic dismissal. The actual holding of the case was to answer in the negative the certified question of whether the two-day delay was "so unreasonable as to authorize the trial judge to dismiss the appeal [under § 6-809 (b)]?"

For these reasons we conclude that *Young* did not read into § 6-809 (b) an otherwise absent requirement of pro forma recitals. The rule contended for by appellant does not comport with modern practice as to construction of judgments (Ga. Prac. & Proc., § 17-4 (4th Ed. 1975)), nor is it consonant with the "presumption . . . in favor of the regularity and legality of all proceedings in the superior court." *Grinad v. State,* 34 Ga. 270 (1) (1866). Since here, as in *Groover, Stubbs & Co. v. Inman,* 60 Ga. 407, 409 (1878), "the objection to the judgment is more a matter of form than of substance," we do not deem it well taken. The record shows without dispute that the delay of some eight months in getting the appeal to this court was caused by appellant's failure to pay the court reporter's fee and the appeal costs. Appellant having attempted no showing that the trial court abused its discretion, the order must be affirmed. *Blanton v. Marchbanks,* 139 Ga. App. 158, 160 (228 SE2d 285) (1976) and cits. We recently reached the same conclusion in *Karlsberg v. Hoover,* 142 Ga. App. 590 (1977).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Argued July 7, 1977 — Decided July 13, 1977 —
Rehearing denied July 28, 1977 — 

*Glenville Haldi,* for appellant.
*Nall, Miller & Cadenhead, Lowell S. Fine,* for appellees.