*Malcolm C. McArthur, Dawson Jackson, Assistant District Attorneys,* for appellee.

## 56181. YOUNG v. JONES.

DEEN, Presiding Judge.

1. Code § 6-806 provides that the party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing the notice of appeal "unless the time is extended as provided in section 6-804." Code § 6-804 authorizes the trial judge, in his discretion, "and without motion or notice to the other party" to grant extensions of time for filing transcripts, among other pleadings, but provides that any application must be made before the expiration of the period for filing as originally prescribed or as extended by previous order. Notwithstanding this prerequisite, Code § 6-809 (b) stipulates that no appeal shall be dismissed by the appellate court for failure of any party to cause the transcript to be filed in time, and limits the right of the trial court to dismiss for this reason to circumstances where it is shown, after notice and hearing, that "there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party."

Considering the late filing of a transcript, where a motion to dismiss was filed in the trial court, the Supreme Court held in *Young v. Climatrol &c. Corp.,* 237 Ga. 53 (226 SE2d 737) (1976) that dismissal of appeals is mandatory only in three circumstances: late notice of appeal, nonappealable judgment, and mootness of appeal. "The provisions authorizing the trial court to dismiss an appeal [for the failure to make timely filing of transcript] specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable* . . . No finding was made that the two-day delay was unreasonable, and we therefore hold that it was error to dismiss the appeal. . . it should be remembered that the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can

be presented on the earliest possible calendar in the appellate courts." As stated in *Lee v. White Truck Lines, Inc.,* 143 Ga. App. 94, 96 (238 SE2d 120) (1977): "The actual holding of the [*Young*]case was to answer in the negative the certified question of whether the two-day delay was 'so unreasonable as to authorize the trial judge to dismiss the appeal [under § 809 (b)]?' " Also in *Elliott v. Leathers,* 223 Ga. 497 (156 SE2d 440) (1967), the Court of Appeals had held that where the order denying an extension of time was not appealed, and an untimely request for an extension of time was denied, the case was dismissible, but the Supreme Court reversed. The reasoning of these cases has been followed in *Adrian Housing Corp. v. Lucas,* 144 Ga. App. 186 (1) (240 SE2d 732) (1977) and cits., and *Owens v. State,* 144 Ga. App. 611 (241 SE2d 485) (1978).

2. The facts of this case appear partly from the colloquy of the court and opposing counsel on the motion to dismiss and partly from counsel's affidavit in opposition thereto, insofar as statements of fact therein are unchallenged. From attached exhibits it appears that appellant's counsel requested of the court reporter in writing a trial transcript on September 29, 1977, and again on December 8, 1977. Appellant paid the reporter $400 representing one-half the expense of taking down the original trial. The reporter required an additional $1,000 to be paid to the clerk of court in escrow toward her fee of transcribing the notes. $500 was paid at one time and the remaining $500 at another. The motion for judgment notwithstanding the verdict was dismissed for lack of a transcript and a timely notice of appeal from this judgment was filed January 6, 1978. A thirty-day extension of time was applied for within this period and granted on February 7, 1978. A second extension of time was applied for on March 9, one day late, and was refused. In addition to the communications and payments mentioned above, there are copies of letters from appellant's counsel to the reporter dated January 10, 1978, January 14, 1978, January 27, 1978, March 13, 1978, and an attempt at a telephone call during which the reporter hung up the telephone. This record shows diligence on the part of the attorney.

Additionally, at the hearing, the court addressed appellant's counsel by saying, "I understand why the transcript isn't ready. I mean that's really not the problem. I know there's no particular delay on your part. You're not delaying it. . . You didn't have the transcript on the 9th. You didn't have it on the 10th and you haven't got it now. The only thing is are you required in the exercise of due care in this case to request an extension before it runs out." Again he said: "I don't think there's any delay at all. I'm not saying that there is any delay in having the transcript. I'm saying what you did, you slept over your rights to get an extension."

It clearly appears from the record as a whole, and from the above quoted excerpts, that appellant's counsel used every diligence in attempting to obtain the transcript, that the transcript was eventually paid for in full, that it was never delivered, and that the court's order was based neither on his judicial legal discretion nor on any finding by him that the delay was unreasonable and the unreasonable delay was inexcusable. In fact, his finding was to the contrary, which amounted to a determination that the single day's delay in asking for the second extension of time was jurisdictional. As we have pointed out, it is not jurisdictional, and it is not a ground for dismissal unless accompanied by the findings of unreasonableness and lack of excuse.

It was error to dismiss the appeal.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 29, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 —

*Henrietta E. Turnquest,* for appellant.

*Vansant & Engram, B. Sam Engram, Jr.,* for appellee.