## 58905. MIDDLETON et al. v. CONTINENTAL DEVELOPMENT CORPORATION et al.

CARLEY, Judge.

On February 16, 1979, in the State Court of Fulton County, judgment was entered against appellants and in favor of the appellees. Thereafter, on March 15, 1979, appellants filed a notice of appeal. The transcript of the evidence was not filed within 30 days as required by Code Ann. § 6-806. Not until May 14, 1979, did appellants, pursuant to Code Ann. § 6-804, request an extension of time for filing. This request was granted, extending the time for filing to June 15, 1979. No transcript was filed by that date and no further extension was sought. After the expiration of the additional period allowed by the only

extension granted, the appellees moved to dismiss the appeal on the grounds that the delay in filing the transcript was unreasonable and inexcusable. After a hearing the trial court granted the motion and dismissed the appeal. This appeal is taken from that order.

"No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court, but the trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of such transcript and it is shown that the delay was inexcusable and was caused by such party . . . " Code Ann. § 6-809 (b). "The trial court's decision on this issue will be reversed only for an abuse of discretion. [Cits.]" *DuBois v. DuBois,* 240 Ga. 314 (240 SE2d 706) (1977).

The evidence indicates that appellants failed to take the necessary first steps to secure the actual preparation of the transcript until May 18, 1979 — some two months after the notice of appeal was filed and some four days after the extension, which was itself filed a month late, had been granted. Compare *Young v. Jones,* 147 Ga. App. 65 (248 SE2d 49) (1978). Neither before the extension expired on June 15, 1979, nor apparently afterwards, even in the face of the motion to dismiss, did appellants make a further attempt to obtain an extension of time for filing. See *Allen v. Seaboard Coast Line R. Co.,* 128 Ga. App. 391 (196 SE2d 878) (1973). Compare *DuBois v. DuBois,* 240 Ga. 314, supra; *Young v. Jones,* 147 Ga. App. 65, supra. On these facts, the trial judge found and his order recited that "there has been an unreasonable delay in the filing of the transcript, and that the delay is inexcusable and is caused by [appellants]." *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737) (1976); *Lee v. White Lines, Inc.,* 143 Ga. App. 94 (238 SE2d 120) (1977). Compare *Strother v. C. & S. Nat. Bank,* 147 Ga. App. 140 (248 SE2d 204) (1978). We find no abuse of discretion on the part of the trial court in dismissing the appeal. *Taylor v. Thompson,* 152 Ga. App. 547 (1979).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED JANUARY 23, 1980.

*Antonio L. Thomas,* for appellants.
*Barbara A. Speck, Richard D. Elliott, S. Alan Schlact,* for appellees.