A98A0637. IN THE INTEREST OF D. M. C., a child.

(501 SE2d 305)

Judge Marvin W. Sorrells.

1. Background of the case.

In November 1995, the Juvenile Court of Cobb County terminated defendant/appellant's parental rights to his minor son principally because appellant had pled guilty in 1995 to murdering his wife, the boy's natural mother, in 1993. Appellant filed a motion for new trial in the termination in December 1995 and ordered a transcript, which was completed and certified in July 1996. The motion for new trial was denied on October 2, 1996.

Defendant's next step was to file a notice of appeal on October 25, 1996. However, the juvenile court clerk's office prepared the record but held it in her office awaiting a copy of the transcript. On July 31, 1997, appellant, prompted by plaintiffs' motion to dismiss the notice of appeal, finally produced a copy of the transcript and sent it to the clerk. The juvenile court dismissed the appeal in September 1997. In so doing, the trial court found that the appellant caused unreasonable and inexcusable delay in processing the appeal. It specially noted that appellant's counsel had possessed a copy of the transcript since at least September 1996 when a brief was submitted containing page references to the transcript. The trial court also noted that defendant had never moved for an extension of time to file the transcript pursuant to OCGA § 5-6-39.

Now, appellant argues based on three grounds that dismissal of his appeal was error and should be reversed by this Court. He claims that the dismissal removed his constitutional right to have the termination of his parental rights reviewed on the merits. Additionally, he claims that the untimely filing was not due to his conduct and that the delay was neither unreasonable nor inexcusable.

2. Findings of Law and Fact.

(a) Appellant does not have a constitutional right to have his appeal heard on the merits.

Appellant claims that he has a fundamental due process right to have a decision on the merits rather than have his appeal dismissed on procedural grounds. Georgia laws governing appellate practice gave appellant the opportunity to bring a direct appeal pursuant to OCGA § 5-6-34. Cases involving the termination of parental rights must be pursued by direct appeal. *In re S. N. S.*, 182 Ga. App. 803 (357 SE2d 127) (1987). However, appellant fails to realize that "[t]he

right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts. The Constitution . . . vests in the General Assembly the power to prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." (Punctuation omitted.) *State v. Hollomon*, 132 Ga. App. 304, 306 (208 SE2d 167) (1974); citing *Fife v. Johnston*, 225 Ga. 447 (169 SE2d 167) (1969).

Appellant attempts to confuse the issue and bolster his claim to appellate review on the merits by arguing that his parental rights are fundamental rights and that the dismissal of his notice of appeal has deprived him of those constitutionally guaranteed rights. Even assuming that parents have a fundamental right to continue parenting, the fact remains that litigants seeking to protect such rights are still required to observe rules of court and pleading requirements. As to appellant's concerns for due process, the court observes that due process for all parties can only be harmed by allowing appellant to proceed despite his blatant disregard for Georgia's appellate procedures.

(b) Findings of Law Regarding Appellate Procedure and the Requirement that Appellants Timely File Transcripts.

Numerous conditions on appellate practice concern filing a transcript of the trial court proceedings. OCGA § 5-6-37 requires that the notice of appeal shall state "whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal." OCGA § 5-6-41 tells litigants how to obtain a transcript of their trial, and to send a copy to the appellate court or prepare statements of recollections concerning the record in lieu of a transcript.

Other statutes contemplate cases in which a transcript is not timely filed. OCGA § 5-6-42 places the burden of timely filing the transcript or obtaining an extension upon the appellant. Under OCGA § 5-6-39, an appellant may request an extension of time for filing the transcript. However, OCGA § 5-6-48 (c) delegates authority to the trial courts to "order that [an] appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party."

Case law has interpreted the various statutory conditions on appellate practice. The trial court is required to examine the situation closely to ensure that an appeal goes forward unless the appellant has caused a delay which harms the other party. This examination protects the appellant who has proceeded with all due caution and regard for his opponent. However, if the trial court finds that the delay was: (1) unreasonable; (2) inexcusable; and (3) caused by appellant, it can dismiss the notice of appeal. *Baker v. Southern R. Co.*, 260

Ga. 115 (390 SE2d 576) (1990); *Dalton v. Vo*, 224 Ga. App. 382 (480 SE2d 377) (1997) (appealed again after remand but on different grounds). "[T]he cause of delay in the processing of an appeal is a fact issue for trial court determination and, in making that determination, the trial court exercises a broad legal discretion subject to appellate review only for abuse." *Jackson v. Beech Aircraft Corp.*, 213 Ga. App. 172, 173 (444 SE2d 359) (1994).

In conducting the three-prong analysis, trial courts commonly look at factors such as length of the delay and whether or not an appellant requested an extension of time for filing the transcript. In *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991), this Court upheld a dismissal where the appellant caused a five-month delay in filing and failed to request an extension. A four-month delay was found unreasonable and inexcusable in *Dept. of Human Resources v. Patillo*, 196 Ga. App. 778 (397 SE2d 47) (1990). The mere fact of a delay or "[t]he failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal. The court must find all these conditions before an exercise of discretion is authorized." *Baker v. Southern R. Co.*, supra at 116. "The statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript . . . is vested upon the appropriate appealing party. . . . It would create an unacceptable and impractical burden on the court reporter's office to require them to contact attorneys or parties and report on the status of all ordered transcripts or to contact attorneys requiring whether a transcript was being ordered." *Jackson v. Beech Aircraft*, 217 Ga. App. 498, 502 (458 SE2d 377) (1995).

As further protection for the appellant, trial courts must make separate determinations of unreasonableness and inexcusableness in each case. "The threshold question of whether a delay in filing a transcript is *unreasonable* is a separate matter from the issue of whether such a delay is inexcusable." (Punctuation omitted.) *Cook v. McNamee*, 223 Ga. App. 460, 461 (477 SE2d 884) (1996). *Jackson v. Beech Aircraft*, 213 Ga. App. at 173, defines an unreasonable delay as one which "may affect an appeal by: (a) directly prejudicing the position of a party by allowing an intermediate change of conditions or otherwise resulting in inequity; *or* (b) causing the appeal to be stale." Inexcusableness is determined in each case. In *Van Diviere v. Delta Airlines*, 204 Ga. App. 573, 574 (420 SE2d 27) (1992), the appellant's failure to order additional portions of the transcript constituted inexcusable behavior.

(c) Findings of Fact in the Present Case.

In the present case, nine months slipped away between the notice of appeal and plaintiffs' motion for dismissal on July 29, 1997

which finally prompted the transcript's delivery. The evidence reveals that appellant had access to a copy of the transcript as early as September 1996 when he amended his motion for new trial. Indeed, this amended motion contained references to pages in the transcript. Sworn testimony, uncontroverted by appellant, indicates that the clerk called the appellant's counsel several months before July 1997 to inform that the missing transcript was the only reason the case could not be transmitted to the Court of Appeals. After a second phone call on July 23, the transcript was filed on July 31, 1997. During the nine-month period, appellant never filed a motion pursuant to OCGA § 5-6-39 to extend the time for filing of the transcript.

Appellant claims that custom kept him from ensuring that a transcript had been mailed to the clerk by the court reporter and that he thought the court reporter was ill and might be slower than usual in preparing the transcript. He relies on OCGA § 5-6-41 (e) as authority for the proposition that the court reporter has the responsibility to give a transcript copy to the court. He claims that counsel provided a copy of the transcript within seven days of the clerk's call.

However, counsel for the appellant has never explained why in a nine-month period, in which he received a phone call telling him the appeal was delayed for lack of a transcript and in which he received no communications from this Court telling him that his appeal had been docketed, he never took even one affirmative step to see that the appeal was being properly managed by his office. If he thought illness might delay the transcript preparation, he should have contacted the court to request an extension of time for filing. He also should have called the court and the clerk on a regular basis to see if the extension should be renewed.

As a result of appellant's counsel's inaction, this appeal has been delayed for one year and three months. The trial court correctly found that the delay was unreasonable, inexcusable, and the fault of the appellant.

*Judgment affirmed. Presiding Judge Robert J. James and Judge T. Penn McWhorter concur. All Court of Appeals judges are disqualified.*

DECIDED MAY 5, 1998.

*Ann-Charlotte Dowless, Eric N. Welch,* for appellant.
*Jane C. Barwick, Linda J. Spievack,* for appellee.