### A98A1512. COOPER v. THE STATE.
(508 SE2d 447)

SMITH, Judge.

Tawana Jean Cooper filed a notice of appeal from the judgment of conviction entered on a jury verdict finding her guilty of the offenses of operating a motor vehicle without effective proof of insurance and operating a motor vehicle without functioning tail lights. The trial court dismissed her appeal, and Cooper appeals pro se from the trial court's order dismissing the appeal. We find no error, and we affirm the dismissal.

The record shows that Cooper was convicted on April 23, 1997. Acting pro se, she filed her notice of appeal on April 25, 1997. On May 23, 1997, Cooper moved the trial court to waive the costs of record preparation, which the court denied because Cooper had failed

to comply with the requirements of OCGA § 9-15-2 (a). Cooper then filed an affidavit asserting her indigence, as required by the statute, and after a hearing the trial court granted the motion. On December 15, 1997, the State filed motions to dismiss Cooper's appeal and to lift the stay and impose sentence. After a hearing on January 30, 1998, the trial court granted the State's motion. The order dismissing the appeal recites that "there has been an unreasonable delay attributed to the defendant in this case in that no transcript has been filed and that such unreasonable delay is cause to have the appeal dismissed under OCGA § 5-6-48 (c)."

1. Cooper contends the trial court erred in finding that the unreasonable delay in filing the transcript was attributable to her. She argues that at the hearing on the motion to dismiss the appeal she "clearly showed that she did not cause the delay," but instead "pursued the matter as vigorously and rapidly as she could, however, her time was limited due to her employment." She asserts in her brief that she attempted to respond by telephone to a notice from the court clerk's office regarding filing the transcript, but was "constantly put on hold and transferred to the wrong person."

But this Court cannot accept Cooper's statement in her brief as evidence of what transpired at the hearing. Error must be demonstrated by the record, and none of Cooper's allegations regarding what she "clearly showed" appears in the record. It was Cooper's responsibility to provide this Court with record evidence supporting her allegations of error on the part of the trial court. Because we have no transcript of the hearing on the motion to dismiss, we must presume that the trial court's findings were supported by the evidence presented. *Intl. Indem. Co. v. Saia Motor Freight Line*, 223 Ga. App. 544, 547 (3) (478 SE2d 776) (1996).

2. OCGA § 5-6-48 (c) authorizes the trial court to dismiss an appeal when "there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party." Cooper does not appear to dispute the trial court's finding that the delay was unreasonable. Citing *Young v. Climatrol Southeast Distrib. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976), however, she maintains the trial court erred in dismissing her appeal because the order included no express finding that the delay was inexcusable. In *Young*, the trial court found that a two-day delay was inexcusable but made no finding that it was unreasonable. The Supreme Court held in that case that because the trial court failed to make that finding, it was error to dismiss the appeal. Id. at 55.

Although OCGA § 5-6-48 (c) "sets forth the conditions upon which the trial court may dismiss an appeal for delay, it does not by its terms *require* the court to make a formal recitation of those conditions in its order." (Emphasis in original.) *Lee v. White Truck Lines*,

143 Ga. App. 94, 95 (238 SE2d 120) (1977) (construing virtually identical predecessor statute to OCGA § 5-6-48 (c)). In *Lee*, this Court considered the Supreme Court's holding in *Young* and concluded that it did "not relate to the absence of a specific recital in the order as the vitiating factor but rather to the trial court's apparent assumption that any delay at all, no matter how small, resulted in an automatic dismissal." *Lee*, supra at 96. "*Young* did not read into [OCGA § 5-6-48 (c)] an otherwise absent requirement of pro forma recitals." Id. Accord *Karlsberg v. Hoover*, 142 Ga. App. 590 (236 SE2d 520) (1977).

Since no requirement exists that the trial court make specific recitals of the elements necessary to authorize dismissal, "the presumption should adhere as in other appeals that the judgment was correct, with the burden upon appellant to show otherwise to the reviewing court." *Lee*, supra at 95. Again, Cooper has failed to demonstrate to this Court that the delay in her case was excusable. We therefore presume that the trial court did not abuse its discretion in dismissing her appeal.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 2, 1998.

Tawana J. Cooper, *pro se.*
*Ralph T. Bowden, Jr., Solicitor, Eleanor L. Barnwell, Joseph N. Walden III, W. Cliff Howard, Assistant Solicitors,* for appellee.