## A01A1266. WILSON v. THE STATE.
### (554 SE2d 522)

BLACKBURN, Chief Judge.

Following the trial court's dismissal of his appeal from his conviction for obstruction of an officer, Anthony Wilson appeals to this Court, contending that his appeal below was inappropriately dismissed for failure to pay costs. For the reasons set forth below, we affirm.

In both civil and criminal trials, OCGA § 5-6-48 (c) grants a trial court the discretionary authority to dismiss an appeal if "there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." See, e.g., *Cooper v. State*.[1] A delay exceeding 30 days is prima facie unreasonable and inexcusable. *Crenshaw v. Ga. Underwriting Assn.*[2]

At the hearing on the State's motion to dismiss, Wilson, through counsel, admitted that he had received notice of costs, that he had neither paid such costs nor filed an affidavit of indigence, and that the resulting delay exceeded 30 days. When asked by the trial court about the reason behind the delay, Wilson's counsel provided no excuse from his client and affirmatively stated that the State's facts were correct. In addition, when the trial court asked Wilson's counsel to provide him with any legal basis for not granting the State's motion to dismiss, Wilson's counsel responded that he believed that dismissal of the case was within the trial court's discretion. Therefore, Wilson not only admitted to a set of facts raising a presumption of an unreasonable and inexcusable delay, but he also admitted that dismissal of his case was within the trial court's discretion. Under these circumstances, we find that the trial court did not abuse its discretion in dismissing Wilson's appeal.

And, contrary to Wilson's arguments, *Ga. Dept. of Human Resources v. Patillo*[3] does not demand a different result in this case. In *Patillo*, we reversed the trial court's order because the trial court made neither written nor oral findings regarding the reasonableness or excusableness of the delay, and, as a result, we also remanded that case for findings to be made. Here, in contrast, the hearing transcript contains findings regarding unreasonableness. Moreover, as discussed, Wilson admitted to a set of facts raising a presumption that his delay in paying costs was unreasonable and inexcusable, and he agreed that the trial court had the discretion to dismiss his case.

[1] *Cooper v. State*, 235 Ga. App. 66 (508 SE2d 447) (1998).
[2] *Crenshaw v. Ga. Underwriting Assn.*, 202 Ga. App. 610, 611 (414 SE2d 915) (1992).
[3] *Ga. Dept. of Human Resources v. Patillo*, 194 Ga. App. 279 (390 SE2d 431) (1990).

Accordingly, *Patillo* is wholly distinguishable from the case at hand.

Because we have found that Wilson's case was appropriately dismissed, we need not address his remaining enumerations of error.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 27, 2001.

*Gilbert J. Murrah*, for appellant.
*Ben Kirbo, Solicitor-General*, for appellee.