A02A0852. WATSON v. THE STATE.
(572 SE2d 672)

BARNES, Judge.
Latitisha Katrice Watson appeals the trial court's dismissal of her appeal because the transcript of the proceedings was not timely filed.[1] She contends the trial court erred by doing so because there was no showing that the delay was unreasonable, inexcusable, and purposefully caused by her. Watson contends the filing of the transcript was delayed because she could not afford to pay for the transcript and the trial court did not rule on her motion for designation of indigence. Her first notice of appeal, filed on March 8, 2001, in part stated, "The defendant is indigent and is unable to pay the costs for hearings and trial transcripts. The defendant's motion for indigency is presently pending before the court."

The State contends, however, that Watson was responsible for the delay in filing the transcript because her request that the transcript be prepared was untimely, and that if Watson had any question about the status of her designation of indigence she had the obligation to seek clarification of the order.

The record shows that Watson was represented at trial by retained counsel because her request for appointed counsel was denied, apparently because she was employed. After she was convicted by the jury, the trial court announced her sentence on Novem-

---

[21] See, e.g., *Martin v. State*, 268 Ga. 682, 685-686 (8) (492 SE2d 225) (1997).
[1] Watson was convicted of participating in an affray by fighting in a public place.

ber 27, 2000, and the verdict and sentence were filed the next day. Watson filed a motion for new trial on December 27, 2000, and on the same date filed a motion for designation of indigence and her affidavit of indigence.

At a hearing in January 2001, the court reporter testified that Watson had asked that the trial be taken down and had agreed to pay half the takedown fee, but had not yet paid it. Her trial counsel asked the court to declare Watson indigent so that she could obtain a free copy of the trial transcript and motion for new trial, and the trial court took the matter under advisement. At the motion for new trial hearing in February 2001, the trial court stated that, "[o]ut of an abundance of caution," the county was to pay for the transcript, and said later, "I will at this time provide that this particular takedown and the transcript that will be necessary from this point forward will be paid for by the County." The court then reserved the issue of whether it would order Watson to make restitution to the county. After evidence and argument regarding the substantive issues in Watson's motion for new trial, the trial court ordered trial counsel to pay half the takedown costs personally.

In a February 6, 2001 order, the trial court "dismissed" the motion for new trial after finding Watson's enumeration of error meritless and then provided:

> One last issue must be addressed by this Court. At trial the Defendant's counsel requested that the court reporter take down the proceedings and was obligated to pay for such a take down and costs of a transcript. At the time of said Motion, Defendant has not paid for either but yet requested the court reporter take down the present Motion. Due to the complexity of the present matter, the Court allowed for the take down to occur and stated on the record that the County would absorb the cost of the motion's take down. However, it should be made very clear that Defendant and her counsel are still obligated to pay for the costs imposed at trial. These costs are to be paid no later than Friday, February 9, 2001. The Court is currently assessing a Certificate of Indigency for Defendant and the Court will reserve ruling on whether she may later be liable for restitution to the County.

On October 9, 2001, the State moved to dismiss Watson's appeal because she had not filed the transcript. Watson promptly responded to the motion, stating that her motion to be declared indigent and to be entitled to a free copy of the transcript was still pending. She noted that "the court reporter will not produce the transcripts without a court order."

The trial court, however, found that Watson's delay in requesting transcripts of the trial and motion for new trial hearing was both unreasonable and inexcusable and dismissed Watson's appeal. Additionally, the trial court's order recited that before trial it had denied Watson's request for a certificate of indigence, and that during the evidentiary hearing on Watson's motion for a new trial, the court ordered Watson to pay half of the cost of the trial takedown and directed the county to pay for transcripts of the trial and motion for new trial hearing. This order dismissing the appeal explained that in the sentence, "The Court is currently assessing a Certificate of Indigency for Defendant and the Court will reserve ruling on whether she may later be liable for restitution to the County," the word "assessing" meant "the Court was 'setting' or 'determining' the Defendant as indigent and would reserve ruling on whether she would be responsible for repaying the County." The trial court concluded that its "order on record" from the February 2001 hearing and its written order had determined Watson was indigent, and that she had failed to order the trial transcript until July 2001 or the motion for new trial hearing transcript until October 2001. Finally, the trial court stated, "If the Defendant had a question of whether the Court had declared her indigent, she could have asked for an extension in filing the transcript and asked for clarification from the Court concerning its Order."

OCGA § 5-6-48 provides that the trial court may order an appeal dismissed if a delay in transmitting the record to an appellate court is unreasonable, inexcusable, and caused by the party.

> A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court.

*State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640) (1976). We will sustain a trial court's determination that the defendant purposefully delayed appellate review if there is evidence to support it. Id. at 241.

Subsequently, our Supreme Court further explained a trial court's responsibilities when considering whether an appeal should be dismissed for failure to file a transcript. The trial court must first determine whether the delay in filing a transcript is unreasonable,

and if so, then determine whether the failure to file is inexcusable because it was caused by the appellant or appellant's counsel. *Baker v. Southern R. Co.*, 260 Ga. 115, 116 (390 SE2d 576) (1990). The Court noted that "the failure of a court reporter to file the transcript will not constitute cause for dismissal unless it affirmatively appears from the record that the failure was caused by the appellant." (Punctuation omitted.) Id.

In determining whether a delay was unreasonable, inexcusable, and caused by the defendant, we look at factors such as length of the delay and whether or not an appellant requested an extension of time for filing the transcript. *In the Interest of D. M. C.*, 232 Ga. App. 466, 468 (2) (b) (501 SE2d 305) (1998). But "[t]he mere fact of a delay or the failure to apply for an extension does not automatically convert the delay into one which fits all of the conditions necessary to vest the trial court with the discretion to dismiss the appeal." Id.

In this appeal, the trial court found that the delay was unreasonable and inexcusable, and although the trial court did not specifically find that the delay was caused by Watson's counsel, this finding is implicit in the trial court's analysis of the issue. The court also noted that it had ordered the county at the February 2001 hearing to pay for the necessary transcripts. We will not consider the trial court's oral pronouncements, however, in determining whether there is evidence to support its determination that the delay in this case was unreasonable, inexcusable, and caused by appellant, for

> [a] trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment.

(Citations omitted.) *In the Interest of L. H.*, 242 Ga. App. 659, 660 (2) (530 SE2d 753) (2000).

Looking at the written order of February 6, 2001, the court stated only that the county would pay for the takedown of the hearing, that Watson was obligated to pay for the costs imposed at trial,[2] and that it was "currently assessing" Watson's certificate of indigence. Despite the trial court's explanation in its order dismissing the appeal that what it meant by "assessing" was "setting" or "determining," the plain meaning of the earlier order is that the trial court was still considering whether Watson was indigent. The order was

---

[2] The court sentenced Watson to pay $50 court costs, in addition to a fine, probation, and community service.

not unclear, and Watson is not responsible for making sure the court's written order said what the court meant.

In light of the evidence summarized above, the trial court erred in granting the State's motion to dismiss Watson's appeal.

*Judgment reversed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 2, 2002.

*Michael B. King*, for appellant.

*Keith C. Martin, Solicitor-General, Tasha M. Mosley, Assistant Solicitor-General*, for appellee.