A04A1993. LEMMONS v. NEWTON et al.
(605 SE2d 626)

BLACKBURN, Presiding Judge.

Following the dismissal of his case, Perry O. Lemmons, acting pro se, appeals, maintaining that the trial court erred in finding that his delay in filing a transcript on appeal was unreasonable and inexcusable. Finding no error, we affirm.

"In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." *Dept. of Human Resources v. Patillo.*[1]

[Lemmons's] obligation to file the transcript is governed in part by OCGA § 5-6-42, which requires an appellant who wants to include a transcript in the appellate record to cause

---

[1] *Dept. of Human Resources v. Patillo*, 196 Ga. App. 778, 779 (397 SE2d 47) (1990).

the transcript to be prepared and filed within 30 days after filing of the notice of appeal, unless the time is extended as provided in Code Section 5-6-39. That section permits a court to grant additional time for filing the transcript, but requires the moving party to request the extension before expiration of the period for filing as originally prescribed or as extended by a permissible previous order. Although failure to timely request an extension, standing alone, is not sufficient to justify dismissal of an appeal, a court nonetheless has discretion to dismiss an appeal if it finds, after notice and opportunity for hearing, that there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.

(Punctuation and footnotes omitted.) *In the Interest of C. F.*[2]

The trial court found that Lemmons's "delay in filing the transcript was unreasonable, inexcusable and was caused by [Lemmons] as set forth in OCGA § 5-6-48." In doing so, it did not abuse its discretion.

On April 8, 2002, the trial court entered an order denying Lemmons's motions for new trial, j.n.o.v., and modification of the judgment. Lemmons appealed the order. Because the notice of appeal was filed on May 8, 2002, Lemmons was required under the statute to file the transcript on June 7, 2002. Though Lemmons ordered a transcript from the court reporter, he failed to file the transcript or request an extension of time for doing so within the 30-day period set forth in OCGA § 5-6-42.

On August 5, 2003, 15 months after Lemmons filed his notice of appeal, the Estate of Nelle Bowen Newton, Dorothy Newton Lee, and Nelle M. Newton (the "appellees") filed their motion to dismiss Lemmons's appeal for unreasonable and inexcusable delay in filing the transcript. It was only after the appellees filed the motion to dismiss that Lemmons filed an application for extension of time on September 10, 2003. And, Lemmons did not file the transcript until October 21, 2003, over seventeen months after the filing of the notice of appeal and two and one-half months after the appellees filed the motion to dismiss. Under these facts, "the appellate process had been indefinitely postponed, and the trial court was authorized to find that the delay was unreasonable. The trial court was also authorized to find that the delay was inexcusable and caused by [Lemmons]." (Footnote omitted.) *In the Interest of C. F.*, supra at 95 (1). See *Hall v.*

---

[2] *In the Interest of C. F.*, 255 Ga. App. 93, 94 (1) (564 SE2d 524) (2002).

*Bussey*[3] (delay of five months in filing transcript where defendant did not obtain extension of time for filing held unreasonable and inexcusable); *In re G. W. H.*[4] (delay of four and one-half months, in absence of request for extension of time, held unreasonable and inexcusable).

Lemmons complains that the delay was not his fault but was the result of problems encountered by the court reporter and backlog in the court system. The record reveals that Lemmons contacted the court reporter and made a deposit on the cost of the transcript on May 29, 2002. The record, however, also reveals that Lemmons did not seek an extension of time for filing the transcript or make inquiries concerning the transcript until after the filing of the appellees' motion to dismiss. Failure to take any action to see that the transcript was being prepared or to ascertain whether the necessity for seeking an extension of time for over 14 months was unreasonable and inexcusable, and had nothing to do with the court reporter's schedule or the court's criminal case backlog.

Lemmons also complains that, although OCGA § 5-6-48 (c) provides that the trial court may dismiss an appeal "after notice and opportunity for hearing," the trial court did not hold a hearing on the motion to dismiss. With regard to the opportunity for a hearing on a motion to dismiss an appeal, this Court has held that "all that is required is the opportunity to respond." *Glen Restaurants v. Building 5 Assoc.*[5] "The record in this case shows [Lemmons] was afforded a full opportunity to respond to [his opponents'] motion to dismiss. Therefore, the court did not err in granting the motion to dismiss without an oral hearing." Id. at 329.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED OCTOBER 4, 2004.

Perry O. Lemmons, *pro se.*
Kitchens, Kelley & Gaynes, Stephen V. Kern, Michele L. Stumpe, Louis Levenson, for appellees.

---

[3] *Hall v. Bussey*, 200 Ga. App. 311 (408 SE2d 430) (1991).
[4] *In re G. W. H.*, 168 Ga. App. 845 (310 SE2d 573) (1983).
[5] *Glen Restaurants v. Building 5 Assoc.*, 189 Ga. App. 327, 328 (3) (375 SE2d 492) (1988).