A08A1634. PJ SERVICES, INC. et al. v. EQUITY TECHNOLOGIES ASSOCIATES, INC.

(671 SE2d 264)

JOHNSON, Presiding Judge.

In December 1999, Equity Technologies Associates, Inc. sued PJ Services, Inc. and its owner, Corey Bernard Pitts (collectively, "PJ Services"), for unjust enrichment, fraud, and conversion. After the trial court entered a judgment in favor of Equity Technologies and denied PJ Services' motion for new trial, PJ Services timely filed a

notice of appeal. More than seven months later, the trial court dismissed that appeal based on PJ Services' failure to timely file transcripts pursuant to OCGA § 5-6-48 (c). PJ Services now appeals that order, but we discern no error and affirm.

Where there is a transcript of evidence and proceedings to be included in the record on appeal, "the appellant shall cause the transcript to be prepared and filed . . . within 30 days after filing of the notice of appeal."[1] Pursuant to OCGA § 5-6-48 (c), a trial court may, after notice and opportunity for hearing, dismiss an appeal for failure to timely file a transcript when the delay is unreasonable, inexcusable, and caused by the party seeking the appeal. In reviewing a trial court's dismissal of an appeal pursuant to OCGA § 5-6-48 (c), this Court will not disturb the trial court's findings absent an abuse of discretion.[2] In addition, we have recognized that "trial courts have very broad discretion when deciding whether to dismiss an appeal for delay" in filing a transcript.[3]

Here, PJ Services filed its notice of appeal on July 19, 2007, and therein requested the clerk of the trial court to transmit the entire record, including "all filed depositions and transcripts." On July 26, 2007, the trial court clerk notified PJ Services that transcripts for hearings held on November 26, 2001, August 30, 2004, and June 11, 2007 had not yet been filed and directing it to promptly contact the court reporters for those hearings. On July 27, 2007, PJ Services' counsel informed the trial court clerk that she was "endeavoring to contact" the court reporters regarding the transcripts.

The clerk of the trial court notified PJ Services on October 5, 2007 that the appeal remained pending because transcripts for the three hearings remained unfiled. At a hearing on October 15, 2007, PJ Services' counsel claimed not to have received the October 5, 2007 notice, and she reported that no transcript was prepared for one of the hearings at issue. On November 19, 2007, PJ Services' counsel informed the clerk of the trial court that she was "in the process of seeking to contact" the court reporters for the other two hearings.

On January 17, 2008, the clerk of the trial court again notified PJ Services that the transcripts remained unfiled. Three weeks later, PJ Services' counsel informed the clerk that (i) no transcript for the November 26, 2001 hearing was prepared; (ii) the transcript for the August 30, 2004 hearing "should be in the official Court file" and that she could provide a copy if it could not be located; and (iii) the transcript for the June 11, 2007 hearing "should be in the official file

---

[1] OCGA § 5-6-42.

[2] *Crown Diamond Co. v. N.Y. Diamond Corp.*, 242 Ga. App. 674, 675-676 (1) (530 SE2d 800) (2000).

[3] Id. at 676.

in a few days." Equity Technologies subsequently filed a motion to dismiss the appeal, and a hearing on that motion was held on February 11, 2008. The transcript for the June 11, 2007 hearing was filed on February 18, 2008. PJ Services never sought leave of court for additional time to file transcripts as provided by OCGA § 5-6-39 (a).

A delay of more than 30 days in filing a transcript as provided by OCGA § 5-6-42 "is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[4] Here, PJ Services claims that the delay should not result in dismissal because no transcripts were prepared for the three hearings at issue and that it therefore had "no duty to file." However, such an assertion is belied by the fact that (i) its counsel claimed to have a copy of the transcript for the August 30, 2004 hearing and (ii) the transcript for the June 11, 2007 hearing was filed shortly after the hearing on Equity Technologies' motion to dismiss the appeal.[5]

Because the record supports the trial court's conclusion that the delay was unreasonable, inexcusable, and caused by PJ Services, we find no abuse of discretion in the trial court's dismissal of the appeal.[6]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

### DECIDED DECEMBER 12, 2008.

*Sarah M. Wayman, Ainsworth G. Dudley, Jr.*, for appellants.
*Mills & Hoopes, Steven M. Mills, Timothy S. Walls*, for appellee.

---

[4] (Citation and punctuation omitted.) *Kelly v. Dawson County*, 282 Ga. 189 (646 SE2d 53) (2007).

[5] We note that this Court has also affirmed the dismissal of appeals pursuant to OCGA § 5-6-48 (c) even where "missing" transcripts are later discovered not to have been prepared if the resulting delay was found to be unreasonable, inexcusable, and caused by the appellant. See *Boveland v. Young Women's Christian Assn. &c.*, 227 Ga. App. 241, 242 (1) (489 SE2d 35) (1997).

[6] *Kelly*, supra at 190.