## A10A1580. LAVALLE v. JARRETT.
## A10A1581. LAVALLE v. GRENUK.

(701 SE2d 886)

MIKELL, Judge.

In these companion cases, Nye Lavalle appeals from the trial court's orders dismissing his notices of appeal. In its orders, the trial court concluded that Lavalle failed to file a transcript as required by OCGA §§ 5-6-42 and 5-6-48, that the delay caused by failing to file the transcript was unreasonable, and that the delay was inexcusable and caused by Lavalle. On appeal, Lavalle challenges the trial court's conclusions.[1]

> A trial court may dismiss an appeal, after notice and an opportunity for a hearing, "where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence." OCGA § 5-6-48 (c). A trial court's decision to grant or to deny a motion to dismiss an appeal under this Code section is reviewed under an abuse of discretion standard. When making factual determinations based upon evidence presented at a hearing on the question of dismissal, the trial court is vested with a broad discretion to decide whether the appeal should be

---

[1] Lavalle filed substantially identical briefs in both appeals.

dismissed. Absent an abuse of such discretion, the trial court's decision will not be disturbed on appeal.[2]

As we find no abuse of discretion, we affirm the trial court.

On or about January 4, 2008, the trial court entered stalking 12-month protective orders against Lavalle in favor of appellees herein, Edward Jarrett (Case No. A10A1580) and Joseph Grenuk (Case No. A10A1581), after a hearing at which Lavalle appeared and had an opportunity to be heard. Lavalle filed motions for new trial and for reconsideration in both cases. After a hearing, the motions were denied on June 5, 2008. Lavalle then filed a notice of appeal on or about July 23, 2008, indicating that the transcript of evidence and proceedings in both cases would be filed for inclusion in the record.

On or about October 20, 2008, this Court granted Lavalle's motion to remand the case to the trial court to supplement and/or reconstruct the record.[3] Over a year later, in December 2009, appellees filed motions to dismiss the appeals. The trial court held a hearing on the motions, and entered orders dismissing Lavalle's appeals on December 23, 2009, which are the orders from which Lavalle appeals in the instant cases.

1. In two enumerated errors, Lavalle argues that the trial court erred in ruling that he had not satisfied OCGA §§ 5-6-42 and 5-6-48 and that the delay in the appeal process was his fault. We disagree.

[Lavalle's] obligation to file the transcript is governed in part by OCGA § 5-6-42, which requires an appellant who wants to include a transcript in the appellate record to cause the transcript to be prepared and filed within 30 days after filing of the notice of appeal, unless the time is extended as provided in [OCGA §] 5-6-39. That section permits a court to grant additional time for filing the transcript, but requires the moving party to request the extension before expiration of the period for filing as originally prescribed or as extended by a permissible previ-

---

[2] (Citations and punctuation omitted.) *Langdale Co. v. Langdale*, 295 Ga. App. 372, 373 (671 SE2d 863) (2008). Accord *Dye v. U. S. Bank Nat. Assn.*, 273 Ga. App. 652, 653 (616 SE2d 476) (2005).

[3] While the case was on remand, on December 9, 2008, the trial court held a hearing on petitions for contempt filed by the appellees and on December 10, 2008, entered an order finding Lavalle in wilful contempt of the 12-month protective orders, ordering him to jail for 20 days, and further ordering that the protective order be made permanent. Lavalle was not present at the hearing but was represented by counsel. Lavalle then filed an application for appeal in the Supreme Court, which transferred the case to this Court. On February 4, 2009, this Court granted Lavalle's applications for discretionary appeal of the contempt and permanent protective orders, and Lavalle filed his notice of appeal on those orders on February 13, 2009. However, these orders are not at issue in these appeals.

ous order. Although failure to timely request an extension, standing alone, is not sufficient to justify dismissal of an appeal, a court nonetheless has discretion to dismiss an appeal if it finds, after notice and opportunity for hearing, that there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party.[4]

In the instant case, during the hearing on the motions to dismiss, the trial court noted that the court reporter's equipment had malfunctioned during the hearing. The trial court inquired as to whether there was any evidence as to Lavalle's communications with the court reporter to determine the status of the transcript. Lavalle offered no such evidence. He was not present at the hearing nor did he offer the testimony of the court reporter. The trial court dismissed the appeals, concluding that based on the absence of any evidence that could have been presented at the hearing, it was Lavalle's duty to get a reconstructed transcript and the evidence showed that he had not made any effort to do so.

The trial court did not abuse its discretion here. This case was remanded to the trial court in October 2008 for the purpose of supplementing or reconstructing the transcript. At the hearing more than a year later, Lavalle offered no evidence as to efforts taken by him to obtain the transcript or if necessary, to file the appropriate motions to extend the time to file the transcript or to have the transcript reconstructed. Lavalle argued that he paid the required costs, filed the motion to supplement the record in the trial court, and filed the motion to remand in the appellate court to supplement the record, but this conduct did not absolve him of his duty to cause the transcript to be prepared and filed.[5]

Lavalle argues that he is not at fault because he filed a motion to supplement the record in the trial court, but the trial court failed to rule on the motion. The record shows that Lavalle filed a "Motion for Immediate Dismissal, New Hearing, and/or Supplementing the Record by Taking of Depositions" on September 17, 2008. At the time, the trial court had no jurisdiction to rule on such a motion as jurisdiction resided in this Court,[6] until the remand occurred the following month. At no time did Lavalle file a motion to reconstruct the record, pursuant to OCGA § 5-6-41 (g), or to extend the time to

---

[4] *Lemmons v. Newton*, 269 Ga. App. 880-881 (605 SE2d 626) (2004), citing *In the Interest of C. F.*, 255 Ga. App. 93, 94 (1) (564 SE2d 524) (2002). Accord OCGA § 5-6-48 (c).

[5] See OCGA § 5-6-42.

[6] See *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979).

file the transcript, pursuant to OCGA § 5-6-39, after the case was remanded to the trial court.

"[W]e have recognized that trial courts have very broad discretion when deciding whether to dismiss an appeal for delay in filing a transcript."[7] Additionally, "[a] delay of more than 30 days in filing a transcript as provided by OCGA § 5-6-42 is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party[, in this case, Lavalle,] comes forward with evidence to show that the delay was neither unreasonable nor inexcusable."[8] Here, Lavalle came forth with no such evidence; thus, the trial court's determination that the delay was unreasonable, inexcusable, and caused by Lavalle was not an abuse of discretion.[9]

2. In his third enumeration of error in both appeals, Lavalle challenges the substance of the trial court's ruling in the protective orders. As those orders are not before us on appeal in the instant case, this enumeration of error presents nothing for review.

*Judgments affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 29, 2010.

*Stephen H. Robinson*, for appellant.
*Louis Levenson, Dylan Littlejohn*, for appellees.

---

[7] (Punctuation and footnote omitted.) *PJ Svcs. v. Equity Technologies Assocs.*, 295 Ga. App. 214, 215 (671 SE2d 264) (2008). Accord *Barmore v. Himebaugh*, 205 Ga. App. 381, 382 (2) (422 SE2d 255) (1992).

[8] (Punctuation and footnote omitted.) *PJ Svcs.*, supra at 216.

[9] See generally *Morrell v. Western Svcs.*, 291 Ga. App. 369, 374-375 (2) (662 SE2d 215) (2008) (trial court should have dismissed appeal where record showed unreasonable, inexcusable delay in paying costs and filing transcript, and counsel's unsworn statement that they kept in touch with court reporter was not evidence) (id. at 374 (2), n. 4); *Jackson v. Beech Aircraft Corp.*, 217 Ga. App. 498, 504 (458 SE2d 377) (1995) (trial court abused its discretion by denying motion to dismiss where party failed to communicate with the court reporter for five months to obtain an accurate report of transcript preparation status even though motions to extend the time to file had been granted).