716 S.E.2d 724 (2011)
311 Ga. App. 641
In the Interest of T.H., a child.
No. A11A1028.
Court of Appeals of Georgia.
August 26, 2011.
Reconsideration Denied September 12, 2011.
*725 James Kenneth Luttrell, Woodstock, for appellant.
Shriver & Gordon, Mark Owings Shriver IV, Woodstock, Lisa Beth Rudolph, Dawsonville, for appellee.
MILLER, Presiding Judge.
In this case involving the termination of parental rights, the trial court entered an order dismissing the biological mother's appeal under OCGA § 5-6-48(c), finding that she had caused an unreasonable, inexcusable delay in filing transcripts of the evidence and proceedings. The mother appeals the dismissal order. We discern no error and affirm.
The record shows that on April 3, 2006, a petition to terminate the mother's parental rights to her minor son, T.H., was filed by T.H.'s paternal aunt and uncle. On July 3, 2007, the trial court granted the petition and the mother's parental rights were terminated. Thereafter, on August 2, 2007, the mother filed a motion for new trial. On August 30, 2007, the mother requested a continuance from the motion for new trial hearing based upon her failure to receive a copy of the transcripts of the termination proceedings. Almost a year later, on July 17, 2008, the mother's counsel obtained an order granting a request for the payment of funds for the transcripts. The mother's counsel received copies of the transcripts on August 31, 2009. The trial court subsequently denied the mother's motion for new trial on October 23, 2009.
On November 20, 2009, the mother filed her notice of appeal, designating that a "[t]ranscript of evidence and proceedings will be filed for inclusion in the record on appeal." Nearly a year later, on October 26, 2010, the appellees filed a motion to dismiss the appeal, contending that the mother had failed to take any action since the filing of her notice of appeal to have the transcripts filed for transmittal of the record. Faced with the motion to dismiss, the mother then filed a motion to compel the court reporter to file the transcripts.
The trial court conducted a hearing on the motion to dismiss. The mother was not present at the hearing, but her counsel appeared on her behalf. The mother's counsel informed the trial court that the mother's last contact with him occurred a year prior to the hearing. The mother's counsel conceded that he had received copies of the transcripts from the court reporter on August 31, 2009. He claimed that he first became aware that the transcripts had not been filed into the record in June 2010. The mother's counsel stated that upon inquiring into the matter, he was informed that the transcripts had not been filed because exhibits were missing and could not be located. The mother's counsel nevertheless acknowledged that the transcripts could have been filed without the missing exhibits.
Following the hearing, the trial court granted the appellees' motion to dismiss the appeal. The mother then filed the instant appeal, contending that the dismissal was erroneous since the delay was neither inexcusable nor caused by her. We disagree.
When the appellant's notice of appeal designates that there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed within 30 days after filing of the notice of appeal. See OCGA § 5-6-42. If the transcript cannot be filed within 30 days, the *726 appellant must request an extension of time for the filing. See OCGA § 5-6-39(a)(3); Coptic Constr. Co. v. Rolle, 279 Ga.App. 454, 631 S.E.2d 475 (2006). A trial court is authorized to dismiss an appeal, after providing notice and opportunity for hearing, "where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by [the appellant]." See OCGA § 5-6-48(c); Coptic Constr. Co., supra, 279 Ga.App. at 454, 631 S.E.2d 475. We will not disturb the trial court's findings as to its dismissal of an appeal under OCGA § 5-6-48(c) absent an abuse of discretion. See PJ Svcs., Inc. v. Equity Technologies Assoc., 295 Ga.App. 214, 215, 671 S.E.2d 264 (2008).
Based upon the aforementioned evidence, the trial court's dismissal of the mother's appeal was authorized. The delay in filing the transcripts extended over the course of almost one year. "A delay of more than 30 days in filing a transcript as provided by OCGA § 5-6-42 is prima facie unreasonable and inexcusable, but this presumption is subject to rebuttal if the party comes forward with evidence to show that the delay was neither unreasonable nor inexcusable." (Punctuation and footnote omitted.) PJ Svcs., Inc., supra, 295 Ga.App. at 216, 671 S.E.2d 264. See also Lavalle v. Jarrett, 306 Ga.App. 260, 263(1), 701 S.E.2d 886 (2010). The mother failed to rebut the presumption in this case. The evidence fails to show that the mother or her counsel made any inquiry to ensure the timely filing of the transcripts after she filed her notice of appeal on November 20, 2009. Significantly, the mother's counsel had obtained copies of the transcripts from the court reporter prior to the date that he filed the mother's notice of appeal. Yet, he did not take action to have the available transcripts filed within the requisite 30-day time frame. See Adams v. Hebert, 279 Ga. App. 158, 160, 630 S.E.2d 652 (2006) (concluding that there was nothing to prevent the timely filing of the transcript since the appellant's counsel had the transcript in his possession at the time he filed the notice of appeal); Dept. of Human Resources v. Patillo, 196 Ga.App. 778, 779, 397 S.E.2d 47 (1990) (affirming dismissal of the appeal when the "appellant made no effort to discover when the transcript would be timely filed").
While the mother points to the absence of exhibits as an excuse for the nearly one-year delay in filing the transcripts, her counsel otherwise acknowledged that the transcripts could have been filed without the exhibits. Even if the mother's counsel thought that the missing exhibits might delay the filing of the transcripts, "he should have contacted the court to request an extension of time for filing" as provided by OCGA § 5-6-39(a) and "should have called the court and the clerk on a regular basis to see if the extension should be renewed." In the Interest of D.M.C., 232 Ga.App. 466, 469(2)(c), 501 S.E.2d 305 (1998). It is undisputed that no such efforts were taken in this case. Although a failure to timely request an extension, standing alone, is not sufficient to justify dismissal of an appeal, it is one of the factors considered in determining whether a delay in filing a transcript is unreasonable and inexcusable. See Morrell v. Western Svcs., 291 Ga.App. 369, 373(2), 662 S.E.2d 215 (2008); In the Interest of C.F., 255 Ga.App. 93, 94(1), 564 S.E.2d 524 (2002). Under the circumstances presented here, the trial court did not abuse its discretion in finding that the mother's failure to timely pursue the filing of the transcript or seek an extension of time for almost one year was unreasonable and inexcusable. See Lemmons v. Newton, 269 Ga.App. 880, 881, 605 S.E.2d 626 (2004).
The trial court also properly found that the mother's inaction was the cause for the delay.[1] While the mother's arguments blame the court reporter for the delay in filing the transcripts, the trial court was authorized to find that her arguments were *727 without merit. "The statutory duty to file timely a transcript does not rest with the court reporter; rather the duty to order the transcript is vested upon the appropriate appealing party. It would create an unacceptable and impractical burden on the court reporter's office to require them to contact attorneys or parties and report on the status of all ordered transcripts[.]" (Citation and punctuation omitted.) In the Interest of D.M.C., supra, 232 Ga.App. at 468(2)(b), 501 S.E.2d 305. See also Lemmons, supra, 269 Ga.App. at 882, 605 S.E.2d 626 (affirming dismissal of appeal where the appellant did not seek an extension of time for filing the transcript or make inquiries to the court reporter concerning the transcript until after the filing of the appellees' motion to dismiss); Crown Diamond Co. v. N.Y. Diamond Corp., 242 Ga.App. 674, 678(4), 530 S.E.2d 800 (2000) (affirming dismissal of appeal where the appellant's counsel forgot to inquire as to whether the transcript could be filed within 30 days of filing the notice of appeal and did not check on the status of the transcript with the court reporter within the 30-day time frame).
In efforts to bolster her claim for appellate review on the merits, the mother further argues that the termination of parental rights is of "drastic significance" and that dismissal of her notice of appeal has deprived her of due process. Her arguments are unavailing.
Even assuming that parents have a fundamental right to continue parenting, the fact remains that litigants seeking to protect such rights are still required to observe rules of court and pleading requirements. As to appellant's concerns for due process, the court observes that due process for all parties can only be harmed by allowing appellant to proceed despite [her] blatant disregard for Georgia's appellate procedures.
In the Interest of D.M.C., supra, 232 Ga.App. at 467(2)(a), 501 S.E.2d 305. Indeed, the need to reach a final resolution expeditiously and without unreasonable, inexcusable delay applies in cases involving the termination of parental rights since "children should not be required to linger indefinitely in foster care" and "[i]t is well established that children need permanence of home and emotional stability or they are likely to suffer serious emotional problems." (Citations and punctuation omitted.) In the Interest of H.L.H., 297 Ga.App. 347, 351, 677 S.E.2d 396 (2009). See also In the Interest of J.L.C., 292 Ga. App. 763, 768, 666 S.E.2d 98 (2008).[2] Here, the delay caused by the mother's inaction prevented a just disposition of the case by delaying the docketing of the appeal and the hearing of the case in this Court.
In light of the record evidence, we find no abuse of discretion in the trial court's dismissal of the appeal. See PJ Svcs., Inc., supra, 295 Ga.App. at 216, 671 S.E.2d 264.
Judgment affirmed.
ELLINGTON, C.J., and DOYLE, J., concur.
NOTES
[1] The mother argues that the trial court's order did not contain specific findings attributing the delay in filing the transcript to any of her actions. Her argument, however, is meritless. To the contrary, the trial court's order stated that the mother failed to take any action whatsoever to pursue her case or the filing of the transcript. The trial court's dismissal order contained sufficient findings and was not required to further formally recite the conditions under OCGA § 5-6-48(c) to be valid. See Winzer v. EHCA Dunwoody, 277 Ga.App. 710, 713(3), 627 S.E.2d 426 (2006); Cooper v. State, 235 Ga.App. 66, 67-68(2), 508 S.E.2d 447 (1998).
[2] In this case, the record shows that the child, T.H., was four years old when the petition to terminate the mother's parental rights was filed on April 3, 2006. T.H. was eight years old when the trial court entered its November 22, 2010, order dismissing the notice of appeal due to the mother's inaction. Appellees stated that the child has suffered from the failure to have a final resolution of this matter.