### 44490. TEMPERATURE CONTROL, INC. v. DIVERSIFIED ENGINEERING, INC.

JORDAN, Presiding Judge. Temperature Control, Inc., commenced this action against Diversified Engineering, Inc., seeking judgment for $39,610.23 based on an alleged past due account.

The opening paragraph of the answer reads, "Comes now *Diversified Engineering & Sales Corporation referred to as Diversified Engineering, Inc., in the above styled case* and files this its answer." The answer consists of a general denial, plus a statement "that the air conditioning units, and other accessories . . . were not of the type and size required on the job to which they were shipped and were not of the type and size ordered by the defendant" as well as a statement "that he [sic] verily believes that the sum sued for has been paid

by the owner of the job site to which they were shipped." This answer is purportedly verified by *"Vance Dyar, President of Diversified Engineering & Sales Corporation, referred to as Diversified Engineering, Inc., in plaintiff's petition."*

The judgment reads as follows: "The above matter coming on for hearing, and the parties consenting thereto, it is ordered, adjudged and decreed the plaintiff Temperature Control, Inc., have judgment against the defendant Diversified Engineering, Inc., in the amount of $39,610.23 plus costs." Underneath the judgment, in addition to the purported signature of the trial court, following the notation "Consented to:" are the purported signatures of an attorney for the plaintiff and two attorneys for the defendant.

The plaintiff appeals from a final order of the trial court refusing to amend the final judgment to include, following the name of the defendant as shown therein, "also known as Diversified Engineering & Sales Corporation." *Held:*

1. The motion to dismiss the appeal is denied.

2. "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court *at any time* of its own initiative or on the motion of any party and after such notice, if any, as the court orders." CPA § 60 (g); Ga. L. 1966, pp. 609, 663; *Code Ann.* § 81A-160 (g). "All misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." *Code* § 81-1206. This section applies to corporations, as well as natural persons, and a misnomer of a defendant corporation is waived by an appearance and pleading to the merits. *Commissioners of McIntosh County v. Aiken Canning Co.*, 123 Ga. 647, 649 (51 SE 585).

3. Under the facts disclosed in the present case the consent judgment, interpreted in the light of the record, is one against the "defendant Diversified Engineering, Inc., *also known as Diversified Engineering & Sales Corporation,* and the trial court erred in refusing to correct the judgment to reflect the truth of the matter as disclosed by the record.

*Judgment reversed. Hall and Whitman, JJ., concur.*

ARGUED JUNE 4, 1969—DECIDED OCTOBER 21, 1969.

Malcolm J. Hall, for appellant.

Zachary, Hunter, Zachary & Bowden, William E. Zachary, Jr., for appellee.