## S92A1426. SPALDING COUNTY v. CRAMER et al.
(426 SE2d 149)

BENHAM, Justice.

During the pendency of the first appeal in this case (see *Cramer v. Spalding County*, 261 Ga. 570 (409 SE2d 30) (1991)), the trial court issued an order granting attorney fees and expenses of litigation under OCGA § 9-15-14 to the attorney who represented the persons appointed by Judge Cramer for indefinite terms to the positions of state court judge pro tem and assistant solicitor.[1] The trial court also ruled that the county was estopped to deny the two appointees were entitled to payment for the services they had rendered, and ordered that the funds interpleaded by the state court clerk be dispersed to the two appointees.[2] Upon receipt of the remittitur in the first appeal from this court, the county sought judgment thereon, and the trial court issued a second order holding that the appointees could keep the funds paid to them for services rendered in good faith by qualified persons, and that Judge Cramer was entitled to reasonable attorney fees of $10,000 for the prosecution and defense of the action. The county then filed this appeal, contesting the awards made to the appointees, to their attorney, and to Judge Cramer.

1. The supersedeas effected by the filing of a notice of appeal in the first appeal did not deprive the trial court of jurisdiction as to other matters in the same case involving the county and persons who were not parties to the appealed judgment. *Cohran v. Carlin*, 249 Ga. 510 (291 SE2d 538) (1982). The trial court did not err when, during the pendency of the first appeal, it entered an order awarding § 9-15-14 damages and ordering payment to the two appointees for the services they had rendered to the county.

2. The county contends the trial court erred when it concluded that Judge Cramer was entitled to reasonable attorney fees of $10,000 incurred in the defense of the action brought against him by the county. We agree. The judge's actions amounted to an abuse of judicial authority when he acted beyond the powers of his office in an effort to remedy the county's nonpayment of court-related expenses. This abuse occurred when, rather than seeking mandamus (see *McCorkle v. Judges*, 260 Ga. 315, 317 (392 SE2d 707) (1990)), he issued an order whereby he gained control of funds generated by the state court, thereby preventing the county governing authority, which has the legislative grant of authority to control the fiscal affairs of the county, from exercising control over those funds. As a result, the county filed a declaratory judgment action against the judge in order

---

[1] The Court of Appeals denied the county's application for discretionary review of the award. See OCGA § 5-6-35 (a) (10).

[2] The court clerk disbursed the funds to the appointees on September 7, 1990.

to ascertain whether he had overstepped. See *Cramer v. Spalding County,* supra at 574-575. See also *McCorkle v. Judges,* supra. In light of the action taken by Judge Cramer, the trial court erred when it awarded the judge attorney fees for defending the suit the county was forced to file against him.

3. The remaining enumerations of error raised by appellant are without merit.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins, JJ., and Chief Judge Robert G. Walther concur; Hunstein, J., not participating.*

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED MARCH 15, 1993.

*Beck, Owen & Murray, James C. Owen, Jr.,* for appellant.
*Mullins & Whalen, Andrew J. Whalen III, Shepherd & Brown, Timothy N. Shepherd, Christopher C. Edwards,* for appellees.