A95A1932. WEAVER v. BOWERS et al.
(463 SE2d 50)

JOHNSON, Judge.

On June 26, 1984, Henry Weaver filed a complaint to collect monies allegedly owed to him by Max A. Bowers and J. Wade Bowers.

The complaint mistakenly named "Wade J. Bowers" as a party defendant rather than "J. Wade Bowers." The defendants' answer was stricken when they failed to appear for a scheduled pre-trial conference on August 27, 1987, and judgment was entered in favor of Weaver in the amount of $18,975.

Weaver attempted to have a fi. fa. issued using the name J. Wade Bowers, instead of Wade J. Bowers, as it appeared on the judgment. When the clerk declined to do so, in December 1991, Weaver filed a motion to correct a scrivener's error pursuant to OCGA § 9-10-132. It is the denial of that motion, on November 9, 1994, which forms the basis of Weaver's present appeal.

In a single enumeration of error, Weaver asserts the trial court abused its discretion in improperly failing to grant his motion to correct a scrivener's error. OCGA § 9-10-132 provides that: "All misnomers, whether in the Christian name or surname, made in writs, pleadings, or other civil judicial proceedings, *shall*, on motion, be amended and corrected instanter without working unnecessary delay to the party making the same." (Emphasis supplied.) " 'This court has generally held that, unless the context clearly indicates otherwise, the word "shall" is to be read as a word of command.' [Cit.]" *Legum v. Crouch*, 208 Ga. App. 185, 188 (3) (430 SE2d 360) (1993). Because application of the word "shall" as mandatory in OCGA § 9-10-132 does not result in any absurd or impractical consequences, we find no compelling reason to give the word anything other than its ordinary meaning in this context. Further, the statute does not, by its own terms, limit the time in which such a motion can be made. See generally *Merchants Grocery Co. v. Albany Hardware &c. Co.*, 44 Ga. App. 112 (5), (6) (160 SE 658) (1931).

The appellees urge us to read OCGA § 9-10-132 in pari materia with OCGA § 9-11-60 (f), "Relief from Judgments," which states that action under this Code section should be brought within three years of the judgment. This statute was perhaps relevant to appellees' cross-motion to set aside the judgment which was denied by the trial court in the same November 1994 order, but from which appellees have not appealed. The only trial court ruling under consideration in this appeal does not involve a motion to set aside a judgment but, rather, a motion to correct a scrivener's error. OCGA § 9-10-132 and OCGA § 9-11-60 (f) contemplate entirely different relief and are not in conflict. There is, therefore, no reason to attempt to harmonize them.

While it is impossible not to notice that this case has not moved rapidly through the judicial system, we nonetheless find that the language of OCGA § 9-10-132 is mandatory and the trial court erred in denying the motion to correct a scrivener's error.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED OCTOBER 12, 1995.

*Wood, Odom & Edge, Jacquelyn L. Kneidel*, for appellant.
*Kathleen Kessler*, for appellees.