## A98A1068. QUINN v. THE STATE.
(506 SE2d 890)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of speeding in a 45-mph speed zone. Although defendant testified he was driving only 44 mph when a City of Suwanee patrol officer stopped him, he admit-

ted that the officer's radar recorded his speed at 65 mph. Defendant explained that this reading did not reflect his truck's actual velocity because he was transmitting a 65-mph radar signal from a "calibration unit" when the patrol officer tested his speed. Defendant indicated that he precipitated a speeding citation from the officer because he wanted to appear in court to "point out to the people of our community that these radar tests are subject to the law, that they are not being operated properly and that something needs to be done about it." Defendant professed to be "like a Ralph Nader of radar and like Don Quixote, I'm standing at windmills. . . ."

Defendant filed this appeal, pro se, after the denial of his motion for new trial. He asserts 31 enumerations of error. *Held*:

1. Defendant contends the State did not establish the necessary foundation for admission of its radar speed evidence.

Since defendant testified that he deliberately caused the patrol officer's radar to register 65 mph to gain a judicial forum for contesting radar speed tests, we find no basis for defendant's challenge to admission of the State's radar speed evidence. This is so because admission of the same fact by other means renders harmless the admission of incompetent or inadmissible evidence. *Payne v. State*, 152 Ga. App. 471, 473 (2) (263 SE2d 251). But even assuming the contrary and that the State did not meet the foundational requirements for admission of its radar speed results, we find it highly probable admission of this evidence did not contribute to defendant's conviction for speeding. The arresting officer not only testified that he estimated defendant's speed at 63 mph in a 45-mph speed zone, he testified that defendant admitted to speeding at the scene of the traffic stop. This evidence, and defendant's admission that he wilfully obstructed law enforcement efforts to monitor his speed, overwhelmingly supports the jury's guilty verdict. See *Harris v. State*, 210 Ga. App. 366, 368 (3) (436 SE2d 231); *Carver v. State*, 208 Ga. App. 405, 408 (5) (430 SE2d 790).

2. Defendant challenges the trial court's denial of his motions to study, test and examine the patrol officer's radar detector, but he does not cite authority showing that he is entitled to such access or testing. Defendant's right to test the patrol officer's radar speed detector appears to be limited to OCGA § 40-14-5 (b)'s on-the-scene accuracy test. See *Carver v. State*, 208 Ga. App. 405, 406 (2), supra. Since it is undisputed that the patrol officer provided defendant with such a test, the trial court did not err in denying defendant's motions to study, test and examine the radar detector used to measure his speed.

3. Defendant contends the arresting officer violated OCGA § 40-14-5 (b) by conducting an on-the-scene accuracy test after issuing him a speeding citation. This contention provides no basis for rever-

sal because defendant fails to show harm by the patrol officer's alleged wrongdoing. A party must show harm as well as error on appeal. *Frost v. State*, 200 Ga. App. 267, 271 (4) (407 SE2d 765).

4. Defendant contends the trial court erred in certifying certain lost records pursuant to OCGA § 24-8-1 and in failing to preserve certain hearing transcripts. Again, defendant fails to show that he was harmed by these alleged errors. *Frost v. State*, 200 Ga. App. 267, 271 (4), supra.

5. Our review of the record and transcripts does not reveal that the trial court erred in failing to grant defendant's motion for leave of absence, motion for continuance, and motion for an extension of time. Such matters are entrusted to the sound discretion of the trial court. *Slaughter v. State*, 172 Ga. App. 578 (323 SE2d 876).

6. Defendant complains that the trial court erred in discussing the merits of and overruling defendant's objection to certain evidence in the jury's presence. Defendant similarly contends the trial court diminished his credibility as an expert witness by discussing the merits of and overruling the State's objection to defendant's qualifications as an expert in the jury's presence. Defendant waived his right to complain by arguing with the trial judge in the jury's presence, failing to object to the trial judge's allegedly prejudicial statements, or failing to request rulings on the respective objections at issue outside the jury's presence. Acquiescence deprives a party of the right to complain. *State v. Pattee*, 201 Ga. App. 690, 693 (411 SE2d 751).

7. We have reviewed defendant's remaining enumerations of error and find that they are without merit. Indeed, most of them must be deemed abandoned because they are not supported by relevant argument or citation of authority. "Any enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 15, 1998.

Kevin R. Quinn, *pro se*.

*Gerald N. Blaney, Jr., Solicitor, William F. Bryant, Assistant Solicitor*, for appellee.