A03A1257. LUNSFORD v. DEKALB MEDICAL CENTER, INC.
(587 SE2d 859)

SMITH, Chief Judge.

Louise Lunsford appeals from the trial court's order granting a motion to dismiss filed by DeKalb Medical Center (the hospital). Because the court subsequently set aside the dismissal, however, the basis for Lunsford's appeal is moot, and for the reasons that follow, we dismiss the appeal and remand this case to the trial court for proceedings consistent with this opinion.

Lunsford filed a personal injury complaint against the hospital in October 1999 but subsequently dismissed it without prejudice and filed a renewal action. The hospital answered and moved to dismiss the renewal action, arguing among other things that Lunsford had failed to pay costs as required by OCGA § 9-11-41 (d). Lunsford failed to respond to the motion, and the trial court granted it. In its order of dismissal dated November 8, 2001, the court concluded that costs in the previous action had not been paid. On December 7, Lunsford moved to extend the time in which she could file a notice of appeal of the November 8 order. The trial court granted the motion, extending the time in which Lunsford could file an appeal until January 9, 2002.

On December 10, Lunsford filed a motion to vacate, set aside, and reconsider the dismissal order. In support of the motion, her attorney attached his own affidavit, in which he stated that he had personally met with the Clerk of DeKalb County Superior Court and had unsuccessfully requested a copy of computerized dockets and payment records. Counsel further stated that when he refiled the lawsuit, he "made inquiry as certified in the exhibit to the re-filed complaint, and requested that my proposed certificate be signed by one of the clerks, and this request was not complied with, based on policies of the clerk's office in which they are not willing to express an opinion as to whether any costs might be due or not." According to Lunsford's counsel, it was impossible to obtain a certificate showing that no costs were due from the clerk's office, "even though a cost payment of $90.00 for filing and service shows on their computer screen from when paid October 15, 1999, at the time of the original

filing." He further stated that he never received any bill showing costs due concerning the first action.

Lunsford filed a notice of appeal January 9, 2002, within the time period allowed by the court's order extending the time for filing the notice. Two days later, on January 11, the court conducted a hearing on Lunsford's motion to set aside the November 8, 2001 dismissal order. On January 25, the trial court granted the motion to set aside, stating that it could not "fault [Lunsford] for failing to provide proof that costs had been paid or that no costs were due where, as here, there is no dispute that she made repeated attempts — albeit unsuccessful — to obtain a certificate of costs from the Clerk *prior* to filing the renewal action." Because Lunsford had made these repeated attempts, the court concluded that she was entitled to a "relaxed application" of the rule that a plaintiff in a renewal action must show that costs were paid in the prior action.

We must first address the issue of whether the trial court had jurisdiction to enter the January 25 order. Before the court entered that order setting aside the dismissal, and even before the court conducted the hearing on Lunsford's motion to set aside, Lunsford had filed a notice of appeal to this court. OCGA § 5-6-46 (a) provides that a notice of appeal serves "as supersedeas upon payment of all costs in the trial court by the appellant." In general, "the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed." *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979).

Here, however, the basis of the trial court's ruling was that all costs had not been paid. It follows that the notice of appeal did not serve as a supersedeas, and although we do not condone Lunsford's failure to respond to the motion to dismiss in the first instance, the trial court was not deprived of jurisdiction to consider and rule on Lunsford's motion to set aside the dismissal. See *ARA Health Svcs. v. Stitt*, 250 Ga. App. 420, 422-423 (551 SE2d 793) (2001). The effect of the trial court's January 25 order setting aside the dismissal was to reinstate the case. Lunsford's appeal "has been rendered a nullity and must therefore be dismissed and the case remanded to the trial court," *Rockdale Awning &c. Co. v. Kerbow*, 210 Ga. App. 119, 121 (1) (435 SE2d 619) (1993), so that her lawsuit against the hospital may proceed. Although the trial court dismissed Lunsford's claims for professional negligence based on her failure to attach an expert affidavit pursuant to OCGA § 9-11-9.1, her claims for ordinary negligence against the hospital remain pending in the trial court.

*Appeal dismissed and case remanded. Ruffin, P. J., and Miller, J., concur.*

Decided September 25, 2003.

*Rubin & Hoyt, Robert P. Hoyt*, for appellant.
*Hall, Booth, Smith & Slover, Ashley D. Phillips*, for appellee.