A05A0032. LECSTAR TELECOM, INC. v. GRENFELL.

(616 SE2d 482)

ANDREWS, Presiding Judge.

The judgment at issue in this case arose from an arbitration award in favor of James Grenfell. Grenfell submitted a claim for breach of an employment contract to binding arbitration and was awarded $1,012,500 against LecStar/Corzon, Inc. The court granted Grenfell's petition for judicial confirmation of the award plus statutory interest on November 4, 2002.

Nearly a year later, Grenfell filed a motion to change the name of the defendant from LecStar/Corzon to LecStar Corporation and LecStar Communications Corporation.[1] The court granted the motion. It is from this order that LecStar Telecom, Inc., who was not a party to the arbitration proceeding below, appeals.[2] For reasons that follow, we conclude the trial court did not abuse its discretion in

---

[1] Although Grenfell originally styled this motion as one amending a judgment to correct a technical defect under OCGA § 9-11-60, the trial court correctly treated it as a motion to correct a misnomer under OCGA § 9-10-132.

[2] The trial court allowed LecStar Telecom to intervene in the proceeding below based on its argument that Grenfell ultimately would be looking to it for payment of the award and no one from LecStar Corporation or LecStar Communications Corporation came forward to oppose Grenfell's motion.

granting the motion to correct the misnomer and affirm.

1. LecStar Telecom argued below and now on appeal that the court should not allow Grenfell to correct the misnomer because Grenfell was trying to substitute defendants after the end of the arbitration process. Specifically, LecStar Telecom claims that Grenfell's failure to timely seek to modify or to vacate the award within the statutory time periods in OCGA §§ 9-9-11 and 9-9-14 precluded his efforts to change the award.

But, this is not a modification of an arbitration award. The court made no substantive change affecting the merits of the award itself. Compare *Tanaka v. Pecqueur*, 268 Ga. App. 380, 381 (1) (601 SE2d 830) (2004) (trial court vacated judgment on arbitration award because it failed to consider counterclaim; doing so was error because it was outside term of judgment entered). Although the Georgia Arbitration Code (GAC) contains certain procedural rules uniquely tailored to arbitration, the legislature also incorporated portions of the Civil Practice Act (CPA) into the statutory framework for arbitration. In pertinent part, the GAC requires: "Upon confirmation of the award by the court, judgment shall be entered in the same manner as provided by Chapter 11 of this title and be enforced as any other judgment or decree." OCGA § 9-9-15 (a).

The Code section providing for the correction of misnomers provides in pertinent part that "[a]ll misnomers . . . made in writs, pleadings, or other civil judicial proceedings, shall, on motion, be amended and corrected instanter without working unnecessary delay to the party making the same." OCGA § 9-10-132. The court in *Foskey v. Vidalia City School*, 258 Ga. App. 298, 300 (574 SE2d 367) (2002), noted that "[w]here the defendant can show no harm, the correction of a misnomer, even of another legal entity's correct name, is not an abuse of discretion. The correction of a misnomer applies only when there is no change of parties and does not add a new and distinct party, which had not been previously served in the case." (Citation omitted.) Moreover, there is no time limit in which a motion for the correction under OCGA § 9-10-132 can be made. *Weaver v. Bowers*, 218 Ga. App. 724, 725 (463 SE2d 50) (1995). In *Weaver*, the plaintiff filed a motion to correct a misnomer under OCGA § 9-10-132 some four years after judgment issued against the defendant. This Court held it was error not to grant the motion. Id. at 725. See also *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175, 177 (2) (612 SE2d 35) (2005) (holding that changing name of plaintiff on application for confirmation of an arbitration award was not the addition of another party to the suit but rather an allowable correction of a misnomer). And, "a misnomer of a defendant corporation is waived by an appearance and pleading to the merits." *Temperature Control v. Diversified Engineering*, 120 Ga. App. 522, 523 (2) (171 SE2d 373)

(1969), citing *Commrs. of McIntosh County v. Aiken Canning Co.*, 123 Ga. 647, 649 (51 SE 585) (1905).

In this case, LecStar Corporation and LecStar Communications Corporation submitted pleadings, defended their interests, participated in discovery, appeared at arbitration, and were represented by legal counsel. Moreover, there is no dispute that LecStar Corporation and LecStar Communications Corporation repeatedly acknowledged the clerical mistake in the caption naming LecStar/Corzon, Inc. as respondent. In LecStar's response to Grenfell's amended demand, LecStar Communications Corporation stated that it was: "incorrectly named as LecStar/Corzon, Inc. in Claimant's Amended Demand for Arbitration, and hereinafter referred to as 'LecStar.' "

Accordingly, there was no change of parties, no new party that had not been served was added to the case, both corporations waived any objections by appearing and pleading to the merits, and neither corporation can show any harm as a result of the correction of the misnomer. Therefore, the trial court did not abuse its discretion in granting Grenfell's motion to correct the misnomer. *Weaver,* supra; *Temperature Control,* supra.

2. LecStar Telecom also claims the trial court erred by permitting Grenfell to introduce evidence not in the record in support of his motion. Eleven of the exhibits complained of were pleadings entered in arbitration and signed by counsel on behalf of LecStar Corporation and LecStar Communications Corporation. LecStar Telecom cites no cognizable legal basis for contesting the genuineness or authenticity of any of those documents, and we find none. This enumeration is without merit.

3. Next, LecStar Telecom contends that the trial court erred by allowing post-judgment discovery while a supersedeas was in effect. Although a notice of appeal with payment of costs serves as a supersedeas of the judgment appealed, it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal. *Cohran v. Carlin,* 249 Ga. 510, 512 (291 SE2d 538) (1982). Thus, the trial court retained jurisdiction of the main action and could compel discovery and adjudicate persons who violate its discovery orders to be in contempt. Id. Moreover, LecStar Telecom is the only entity that appealed in this case. The notice of appeal did not deprive the court of jurisdiction as to other matters involving persons or corporations who were not parties to the appealed judgment. *Spalding County v. Cramer,* 262 Ga. 843 (426 SE2d 149) (1993).

4. LecStar complains that the trial court erred by enforcing a subpoena and notice of deposition for post-judgment discovery served on W. Dale Smith during the statutory ten-day stay of judgment. We disagree.

After the trial court granted the motions to correct the misnomer and to intervene, Grenfell served a nonparty deposition and document subpoena on Smith. Smith then filed a "renewed motion to quash subpoena to non-party and for protective order" and claimed that he "is not a party to this action."

After a hearing on the matter, the trial court issued an order directing Smith to appear for his deposition. In finding the subpoena enforceable, the court noted that "Dale Smith . . . was the former Chief Executive Officer of LecStar Corporation and LecStar Communications Corporation" and "is currently the Chief Executive Officer of LecStar Telecom, Inc."

After noting that the subpoena issued to Smith on June 16 was within ten days of the order of June 7, 2004, the trial court decided "because the original Order in this case was entered on November 4, 2002, and due to lack of prejudice to Defendants, the Court exercises its discretion and will not enforce the ten-day provision of OCGA § 9-11-62." The court observed that since December 2003, Grenfell had subpoenaed testimony and documents from Smith three times and that each time Smith had filed petitions to quash. As stated previously, the trial court correctly found that the notice of appeal filed by LecStar Telecom did not act as a supersedeas of its jurisdiction of "discovery-related matters unrelated to LecStar Telecom, Inc." See *Spalding County*, supra; *Cohran*, supra. Discovery matters are expressly within the sound discretion of a trial court and, absent a clear abuse of discretion, this Court will not interfere with the exercise of that discretion. *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 856 (2) (567 SE2d 24) (2002).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 3, 2005 —
RECONSIDERATION DENIED JUNE 17, 2005 —

*Greenlee, Joyce & Thrasher, Jeffrey R. Joyce, Joseph D. Young*, for appellant.

*Irvin, Stanford & Kessler, Gary R. Kessler*, for appellee.