A05A2049. WINZER et al. v. EHCA DUNWOODY, LLC.
A05A2179. NORTHSIDE MEDICAL CARE CENTER, LLC
v. EHCA DUNWOODY, LLC.
(627 SE2d 426)

JOHNSON, Presiding Judge.

These appeals are from judgments in related actions involving the lease of a medical office and the personal guarantees of that lease. Because the appellants have shown no reversible error, we affirm the judgments.

EHCA Dunwoody, LLC ("EHCA") filed a dispossessory action in DeKalb County State Court against Northside Medical Care Center, LLC ("Northside") for failure to pay rent under a lease agreement. EHCA was later granted permission by the trial court to add Dr. Willie Winzer and Dr. Morris Serwitz, members of Northside who allegedly guaranteed the company's obligations, as defendants. But EHCA later dismissed both Winzer and Serwitz without prejudice, and the case proceeded to a bench trial against only Northside.

Prior to the trial, Northside had retained and been represented by two different attorneys, but both of them withdrew from the case. Northside appeared for the bench trial without a lawyer and instead was represented by Dr. Serwitz. After hearing evidence and arguments, the trial court found that Northside had failed to pay rent as required by the lease and awarded EHCA a total judgment of $104,609.

About two weeks after the judgment, on May 1, 2002, Dr. Serwitz filed a notice of appeal for Northside. On August 2, 2002, this court returned the record to the trial court, informing the lower court and Dr. Serwitz that we could not accept the appeal because Serwitz, who is not an attorney, could not represent Northside in a court of record.

On August 27, 2002, about three weeks after this court had refused to accept Northside's appeal, EHCA filed a new lawsuit in DeKalb County State Court against Winzer and Serwitz, alleging that they had each personally guaranteed the lease obligations of Northside and were thus liable for the unpaid rent. Winzer and Serwitz did not file timely answers to the complaint, and the trial court entered a default judgment against both of them on the issue of liability. Serwitz moved to open the default judgment as to himself, while Winzer made no such motion. The trial court denied Serwitz's motion to open the default judgment as to liability.

A jury trial solely on the issue of damages was held. The jury returned a verdict in favor of EHCA, and the trial court entered final judgment against Winzer and Serwitz, jointly and severally, in the amount of $114,183. On December 7, 2004, Winzer and Serwitz filed their notice of appeal from that judgment.

In the meantime, for some two-and-a-half years after the record in Northside's appeal from the judgment in the dispossessory action had been returned to the trial court, Northside did not hire an attorney or take any other action to further its appeal. In February 2005, EHCA moved to dismiss that appeal, after which an attorney filed an entry of appearance on behalf of Northside. The trial court granted the motion to dismiss Northside's appeal, and Northside now appeals from that order of dismissal.

Because the appeals — Winzer and Serwitz appeal in Case No. A05A2049, and Northside appeals in Case No. A05A2179 — arise from related actions, they have been consolidated.

## Case No. A05A2049

1. In three separate enumerations of error, Winzer and Serwitz complain that the trial court made erroneous evidentiary rulings concerning the issue of their liability. They contend that the court erred (1) in allowing EHCA to introduce evidence of the judgment against Northside to show their personal liability as guarantors, (2) in not allowing them to present evidence disproving their liability under the guarantees, and (3) in telling the jury that their liability had already been established.

These arguments are wholly without merit and misconstrue the evidence admitted at trial. It is clear from the record that a default judgment holding Winzer and Serwitz liable was entered long before

trial and that liability therefore was not an issue at the trial. Rather, as the trial judge expressly ruled and clearly explained, the only issue for determination at trial was the amount of damages. Contrary to the claims of Winzer and Serwitz, evidence of the judgment against Northside was not introduced to establish liability but to show the amount of damages, the court correctly disallowed any evidence attempting to disprove liability, and the court properly instructed the jurors that liability was not at issue. In short, because liability was not an issue at the trial, any arguments premised on purported evidentiary errors concerning the issue of liability are simply misplaced.

2. Winzer and Serwitz argue that the trial court erred in allowing the action against them to proceed because the notice of appeal filed by Northside in its lawsuit acted as a supersedeas. Again, the argument made by Winzer and Serwitz is fundamentally flawed.

The filing of a notice of appeal with the payment of costs serves as a supersedeas *of the judgment appealed*.[1] A notice of appeal does not deprive a court of jurisdiction as to matters involving other persons who were not parties to the appealed judgment.[2] Northside's notice of appeal from the judgment against it in the dispossessory action may have acted as a supersedeas as to that judgment. But it had no supersedeas effect on the separate action filed against Winzer and Serwitz, who are not parties to that judgment.

### Case No. A05A2179

3. Northside claims that the trial court erred in dismissing its appeal. The claim is without merit.

As recited above, in August 2002, this court refused to accept Northside's initial appeal because it was being represented by Dr. Serwitz, who is not an attorney. Upon the return of the record to the trial court, Northside took no action to further its appeal. It did not hire an attorney, obtain the trial transcript or seek an extension of time to file the transcript. It was only after EHCA moved to dismiss the appeal some two-and-a-half years later that Northside finally hired an attorney and sought to defend its appeal. In dismissing the appeal, the trial court noted in its order that since this court had rejected the appeal, Northside had failed to perfect it.

A trial court may dismiss an appeal where there has been an unreasonable delay in the filing of the transcript and it is shown that

---

[1] OCGA § 5-6-46 (a); *Lunsford v. DeKalb Med. Center*, 263 Ga. App. 394, 395 (587 SE2d 859) (2003).

[2] *LecStar Telecom v. Grenfell*, 273 Ga. App. 712, 714 (3) (616 SE2d 482) (2005).

the delay was inexcusable and caused by the appealing party.[3] The trial court is not required to formally recite these conditions in an order of dismissal.[4] On appeal, we presume that the dismissal was correct, and the burden is on the appellant to show otherwise.[5]

In this case, even though the trial court simply found that Northside had not perfected its appeal and did not recite the conditions for dismissing the appeal, we presume that the dismissal was correct. Moreover, Northside has not met its burden of showing otherwise. On the contrary, it has offered no explanation as to why it did not hire an attorney, obtain the transcript or take any other steps to pursue its appeal for over two-and-a-half years. Under these circumstances, we find that the trial court did not abuse its discretion in dismissing the appeal because the lengthy delay was unreasonable, inexcusable and caused by Northside.[6]

We further take this opportunity to clarify why we rejected Northside's original filing of the appeal in 2002. In *Eckles v. Atlanta Technology Group,*[7] the Supreme Court established that only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record.[8] The *Eckles* decision contains language limiting its application to corporations.[9] There has not yet been a decision from this court or the Supreme Court expressly extending *Eckles'* application to limited liability companies,[10] such as Northside.

Because of the similarities between limited liability companies and corporations, we conclude that the rationale and holding of *Eckles* should, and does, apply to limited liability companies. Like a corporation, a limited liability company is a business entity that protects its members from personal liability for business debts.[11] Like a corporation, a limited liability company can act only through its agents.[12] Like a corporation, allowing a limited liability company to be represented in court by a nonattorney agent would permit the practice of law by an unlicensed layman who is not subject to the discipline of the court.[13] And like those who accept the benefits of

---

[3] OCGA § 5-6-48 (c).

[4] *Cooper v. State*, 235 Ga. App. 66, 67-68 (2) (508 SE2d 447) (1998).

[5] Id. at 68.

[6] See *Lemmons v. Newton*, 269 Ga. App. 880, 881-882 (605 SE2d 626) (2004) (delay of 17 months in filing transcript unreasonable and inexcusable).

[7] 267 Ga. 801 (485 SE2d 22) (1997).

[8] Id. at 805 (2).

[9] Id. at 806.

[10] See OCGA § 14-11-100 et seq.

[11] OCGA § 14-11-303 (a).

[12] See *Eckles*, supra at 803 (2).

[13] Id. at 804-805; OCGA § 15-19-51 (a) (6) (unlawful for any person other than licensed

incorporation, those who accept the benefits of a limited liability company must also accept its burdens, including the need to hire counsel.[14]

Indeed, courts in various other jurisdictions have held that a limited liability company cannot appear in court without representation by an attorney for the same reasons that *Eckles* imposed such a requirement on corporations. These courts hold that because a limited liability company, like a corporation, is a separate business entity which can act only through its agents, it can appear in court only through an attorney and not through an agent not admitted to the practice of law.[15]

As a limited liability company, Northside was required to be represented by an attorney to bring an appeal in this court. Because it failed for over two-and-a-half years to seek proper legal representation and to obtain the trial transcript in order to pursue its appeal, the trial court committed no error in dismissing the appeal.

4. In light of our decision in Division 3, we need not address Northside's other enumerations of error.

*Judgments affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2006.

*Case No. A05A2049*

*Steven G. Early*, for appellants.
*Thomerson, Spears & Robl, Michael D. Robl*, for appellee.

*Case No. A05A2179*

*Steven G. Early*, for appellant.
*Thomerson, Spears & Robl, Michael D. Robl*, for appellee.

---

attorney to render legal services of any kind in actions or proceedings of any nature).

[14] *Eckles*, supra.

[15] *Gilley v. Shoffner*, 345 FSupp.2d 563, 566-567 (M.D. N.C. 2004); *Sharp v. Bivona*, 304 FSupp.2d 357, 364-365 (E.D. N.Y. 2004); *Kipp v. Royal & Sun Alliance &c.*, 209 FSupp.2d 962, 963 (E.D. Wisc. 2002).