A06A0990. STERLING, WINCHESTER & LONG, LLC v. LOYD.
(634 SE2d 188)

SMITH, Presiding Judge.

Sterling, Winchester & Long, LLC ("the LLC") appeals from the trial court's order entering a default judgment against it. The LLC asserts the trial court erred by striking its pro se answer based on the trial court's conclusion that an LLC must be represented by counsel, by failing to give it an opportunity to hire counsel and file an amended

answer, and by failing to hold an evidentiary hearing on the amount of damages owed. Finding no merit in these enumerations, we affirm.

1. The LLC contends that the Supreme Court's requirement that corporations be represented by an attorney in courts of record should not be applied to limited liability companies. See *Eckles v. Atlanta Technology Group*, 267 Ga. 801, 805 (2) (485 SE2d 22) (1997). We find no merit in this contention because we recently held that limited liability companies must be represented by attorneys in courts of record. *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713-714 (3) (627 SE2d 426) (2006).

> Because of the similarities between limited liability companies and corporations, we conclude that the rationale and holding of *Eckles* should, and does, apply to limited liability companies. Like a corporation, a limited liability company is a business entity that protects its members from personal liability for business debts. Like a corporation, a limited liability company can act only through its agents. Like a corporation, allowing a limited liability company to be represented in court by a nonattorney agent would permit the practice of law by an unlicensed layman who is not subject to the discipline of the court. And like those who accept the benefits of incorporation, those who accept the benefits of a limited liability company must also accept its burdens, including the need to hire counsel.

(Citations and footnotes omitted.) Id. at 713.

2. The LLC argues, in the alternative, that any holding requiring limited liability companies to be represented by counsel should not be applied retroactively. In *Findley v. Findley*, 280 Ga. 454 (1) (629 SE2d 222) (2006), the Georgia Supreme Court outlined the criteria to be used to determine if a judicial decision should be applied retroactively:

> [A] judicial decision announcing a new rule is retroactive unless the decision itself expressly makes it a matter of pure or selective prospectivity or, after examining whether retroactive application would adversely affect operation of the new rule and weighing the inequity imposed by retroactive application, we subsequently conclude application of the new rule would cause unjust results to those who justifiably relied on the former state of the law. In so doing, the criteria set out in *Chevron Oil* [*Co. v. Huson*, 404 U. S. 97 (92 SC 349, 30 LE2d 296) (1971)] may be employed.

Id. at 460 (1). In *Chevron Oil*, the U. S. Supreme Court outlined the following criteria to be used when determining whether a judicial decision should be applied prospectively:

> (1) Consider whether the decision to be applied nonretroactively established a new principle of law, either by overruling past precedent on which litigants relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (2) Balance the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation would further or retard its operation. (3) Weigh the inequity imposed by retroactive application, for, if a decision could produce substantial inequitable results if applied retroactively, there is ample basis for avoiding the injustice or hardship by a holding of nonretroactivity.

(Citation and punctuation omitted.) *Findley*, supra, 280 Ga. at 456, n. 1.

We decline the LLC's request for prospective application of our holding in *Winzer*, supra. In *Winzer*, we did not state explicitly that our holding should be applied prospectively, and we did not overrule past precedent. Moreover, while we decided an issue of first impression, our holding was clearly foreshadowed by the Supreme Court's holding in *Eckles*, supra. Indeed, as we noted in *Winzer*, "courts in various other jurisdictions have held that a limited liability company cannot appear in court without representation by an attorney for the same reasons that *Eckles* imposed such a requirement on corporations." 277 Ga. App. at 714.

3. The LLC argues that the trial court erred by not giving it an opportunity to hire an attorney and file an amended answer that would relate back to the date of its defective pro se answer. See *Rainier Holdings, Inc. v. Tatum*, 275 Ga. App. 878, 879 (1) (622 SE2d 86) (2005) (answer filed for corporation by nonattorney is defect curable by amended answer filed by attorney relating back to date of original answer). The record shows that the plaintiff did not file a written motion to strike the LLC's defective answer or a written motion for entry of default judgment. Instead, at a hearing on the LLC's motion for dismissal of the plaintiff's complaint based upon the plaintiff's failure to answer discovery, the plaintiff moved to strike the LLC's answer and for entry of default judgment based upon the LLC's defective pro se answer.

The record also shows, however, that the hearing was held on November 14, 2005, and that the trial court did not sign and enter its

written order awarding default judgment to the plaintiff until November 21, 2005. The LLC made no effort to cure the defect during this time. As there is no transcript of the November 14, 2005 hearing, we cannot determine whether the trial court gave the LLC an opportunity to obtain an attorney to file an amended answer in the seven-day period between the hearing and the entry of the default judgment.[1] Without a transcript, we are unable to review the LLC's claim that the trial court erred by failing to give it an opportunity to amend its defective answer. "An appellant who alleges error in the trial proceedings has the burden of producing a transcript of the allegedly erroneous matter." (Citation omitted.) *Alexander v. Guthrie*, 216 Ga. App. 460, 461 (1) (454 SE2d 805) (1995).

4. In its remaining enumeration of error, the LLC asserts the trial court erred by entering judgment against it in the amount of $42,920.77 without holding an evidentiary hearing to establish the amount of damages. See *Hazlett & Hancock Constr. Co. v. Virgil Womack Constr. Co.*, 181 Ga. App. 25, 27-28 (2) (351 SE2d 218) (1986) (default judgment was improperly entered in breach of contract case where complaint alleged specific sum, but it was impossible to ascertain amount due without extrinsic evidence). The lack of the hearing transcript prevents us from considering this enumeration as well because we cannot verify the LLC's claim that the trial court did not admit evidence on the issue of damages. "[I]n the absence of either a transcript or an agreed statement of the events ·. . . , see OCGA § 5-6-41 (f), we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment." (Citations and punctuation omitted.) *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JULY 11, 2006.

*Vaughn, Wright & Boyer, Frederick L. Wright II*, for appellant. *Benjamin Allen*, for appellee.

---

[1] We express no opinion about whether the trial court was required to give the LLC an opportunity to amend its answer. See *US-1 Van Lines &c. v. Ho*, 240 Ga. App. 417, 417-418 (1) (523 SE2d 643) (1999) (physical precedent only) (trial court properly refused to consider request for continuance for corporation made by nonattorney); *M & M Mobile Homes &c. v. Haralson*, 233 Ga. App. 749, 750 (1) (505 SE2d 249) (1998) (physical precedent only) (party should be given notice and an opportunity to amend defective pleadings where such notice will facilitate decision on the merits).