**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 5, 2024**

# In the Court of Appeals of Georgia

A24A0966. BOYD et al. v. FRONTIER ADJUSTERS, INC. et al.

MERCIER, Chief Judge.

Selita Boyd and Eloise Boyd ("the appellants") appeal pro se from the trial court's order dismissing their notice of appeal in the underlying action for failure to timely pay the bill of costs relating to the appellate record. For reasons that follow, we vacate the trial court's ruling and remand for further proceedings.

The appellants sued Frontier Adjusters, Inc. and several other defendants ("the appellees") for claims relating to an insurance dispute. The trial court subsequently dismissed the appellants' complaint, and they filed a notice of appeal from that judgment on January 5, 2023. With their notice of appeal, the appellants designated various portions of the trial court record for inclusion in the record on appeal, but

identified certain items to be excluded from the appellate record. Pursuant to OCGA § 5-6-42, two of the appellees filed a cross-designation of record designating that "all of the omitted matters from [the appellants'] Notice of Appeal . . . be included in the record on appeal."[1]

The Clerk of Court prepared a bill of costs for the appellate record, which was delivered to the appellants by certified mail on February 1, 2023. That same day, the appellants objected to and moved to strike the cross-designation of record, asserting that the items they had excluded from the record were irrelevant to the appeal and "would be a waste of time and expense to include[.]" According to Selita Boyd, she mailed a check to satisfy the bill of costs on March 7, 2023, and the record shows that payment was received by the superior court clerk on March 16, 2023. On March 8, 2023, however, the appellees moved to dismiss the notice of appeal, asserting that 35 days had passed since the appellants received the bill of costs and payment had not been made.

---

[1] "If the appellant designates any matter to be omitted from the record on appeal as provided in Code Section 5-6-37, the appellee may, within 15 days of serving of the notice of appeal by appellant, file a designation of record designating that all or part of the omitted matters be included in the record on appeal." OCGA § 5-6-42.

Following a hearing, the trial court granted the motion to dismiss the notice of appeal. In the same order, the trial court denied the appellants' motion to strike the cross-designation of record, denied the appellants' motion for an extension of time to respond to the motion to dismiss the notice of appeal, and sustained the appellees' timeliness objection to a supplemental response brief filed by the appellants. The appellants appealed from that order, and the appeal was originally docketed in this Court as Case No. A24A0346. Upon motion from the appellants, however, we remanded the case to the trial court to determine whether the record was complete. On remand, the trial court found that the record was complete, and the appeal has now been re-docketed in this Court.

1. Pursuant to OCGA § 5-6-48 (c):

[T]he trial court may, after notice and opportunity for hearing, . . . order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court or file an affidavit of indigence; provided, however, that no appeal shall be dismissed for failure to pay costs if costs are paid within 20 days (exclusive of Saturdays, Sundays, and legal holidays) of receipt by the appellant of notice, mailed by registered or certified mail or statutory overnight delivery, of the amount of costs.

A trial court exercises its sound discretion in deciding whether to dismiss a notice of appeal following a delay in the payment of costs, and we will uphold that decision absent an abuse of discretion. See *Webb's Erection v. Colonial Pacific Leasing Corp.*, 345 Ga. App. 202, 202 (1) (812 SE2d 602) (2018). Before exercising its discretion, however, the trial court must "determine the length of the delay, the reasons for the delay, whether the appealing party caused the delay, and whether the delay was inexcusable." *Propst v. Morgan*, 288 Ga. 862, 863 (708 SE2d 291) (2011); see also *Webb's Erection*, 345 Ga. App. at 203 (1). Without these findings, we cannot assess whether the trial court properly resolved the motion to dismiss the appeal. See *Postell v. Alfa Ins. Corp.*, 327 Ga. App. 194, 195 (757 SE2d 661) (2014) ("[T]he trial court must make findings on these issues before we may determine whether its discretion was abused.") (citation and punctuation omitted); see also *Gordon v. Dennis*, 341 Ga. App. 795, 797 (1) (802 SE2d 77) (2017) ("Simply put, the trial court, in her summary order, did not make the findings of fact necessary to vest her with discretion to dismiss the appeal.") (citation and punctuation omitted).

The trial court's order does not contain the required findings. It states simply that, after considering the argument of the parties and "being fully advised," the court

4

"grants [the] Motion to Dismiss the Appeal, filed on March 8, 2023." (emphasis omitted). The summary order makes no factual findings, and it does not address the length of the delay, the reasons for the delay, who caused the delay, and whether the delay was excusable. We thus have no way to determine whether the trial court acted within its authority in dismissing the notice of appeal.[2] Accordingly, we vacate the order dismissing the appeal and remand the case with direction that the trial court consider the necessary issues and include appropriate findings of fact in its order. See *Postell*, 327 Ga. App. at 196 (vacating order dismissing notice of appeal where trial court did not make findings of fact in written order); *Rogers v. Norris*, 262 Ga. App. 857, 857-858 (1) (586 SE2d 747) (2003) (same).

2. The appellants claim that the trial court erred in consolidating into the record for this appeal documents from a previously filed case that they voluntarily dismissed. In their brief, however, the appellants have not shown that they raised this particular

---

[2] Citing *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713 (3) (627 SE2d 426) (2006), and *Cooper v. State*, 235 Ga. App. 66, 68 (2) (508 SE2d 447) (1998), the appellees argue that a trial court need not include factual findings in an order dismissing an appeal for failure to pay costs. These cases, however, were decided before the *Propst* Court clarified that a trial court must make various factual determinations before exercising its discretion to dismiss an appeal under OCGA § 5-6-48 (c). See 288 Ga. at 863. Given the Supreme Court's clarification, and our subsequent decisions, we decline to follow this pre-*Propst* case law.

issue with the trial court or that it was addressed below. The appellants, therefore, have failed to preserve this issue for review. See *Tucker Nursing Center v. Mosby*, 303 Ga. App. 80, 87 (5) (692 SE2d 727) (2010) (we will not consider an argument on appeal "in the absence of anything in the record that demonstrates that the specific challenge[] . . . [was] raised and ruled on below") (citation and punctuation omitted).

3. The appellants argue that the trial court erred in denying their request for an extension of time to respond to the motion to dismiss the notice of appeal. Extensions of time, however, are addressed to the sound discretion of the trial court. See *Quinn v. State*, 234 Ga. App. 360, 362 (5) (506 SE2d 890) (1998). Although the appellants asserted that a hand injury suffered by Selita Boyd prevented them from filing a timely response, the appellees objected to the extension, raising questions about the validity of the medical excuse. The parties fully briefed the issue, and the trial court ultimately denied the appellants' request for additional time. We have no basis for concluding that the trial court abused its discretion in this regard. See id.

4. On June 29, 2023, the same day that the trial court held a hearing on the motion to dismiss the appeal and other pending motions, the appellants filed a "supplemental" response brief that presented additional argument on the motions.

Finding the supplemental response untimely, the trial court sustained an objection to the filing and did not consider it. Although the appellants challenge this ruling, they have pointed to no authority requiring a trial court to consider a supplemental response brief filed months after the original motion and on the day of the motions hearing. See Uniform Superior Court Rule 6.2 (generally, parties opposing a motion should file a response brief 30 days after service of the motion). This claim of error lacks merit.

5. Given our decision in Division 1, the appellants' remaining claims of error are moot.

*Judgment vacated, and case remanded with direction. McFadden, P. J., and Rickman, J., concur.*